Edward Anthony ELLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00063–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 13, 1985.

Richard Langlois, San Antonio, for appellant.

Sam Milsap, Jr., Mike Granado, Edward F. Shaughnessy, III, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

BUTTS, Justice.

After a plea of guilty which was the result of a plea bargain, the trial court assessed punishment at fifteen years imprisonment. The offense is attempted burglary of a habitation. TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974) and § 15.01 (Vernon Supp.1985). Appellant pled "true" to the enhancement allegations. Pursuant to TEX.CODE CRIM.PROC. ANN. art. 44.02 (Vernon 1979) appellant now appeals from the denial of his motion to suppress evidence. His sole ground of error is that the trial court should have suppressed the evidence of a screwdriver recovered by police officers from the locked trunk of the vehicle driven by appellant.

There is no challenge to the sufficiency of the evidence. The record shows that on February 23, 1983, at approximately 10:50 a.m., Lieutenant John Schlinger of the Castle Hills Police Department, while patrolling, observed an automobile exiting a driveway of a residence. His observation was that the car was being driven erratically, as if the driver were not familiar with the driveway since he drove over grass and curbing. Schlinger passed the car as it went toward Blanco Road away from the

residential area. He recorded the license number and noted the occupants. Approaching the house from which the car had sped, he heard the sound of a burglar alarm and immediately turned around and pursued the fleeing automobile. He overtook it a few blocks south on Blanco Road, alerting another officer on the radio to go to the house. A third officer arrived to assist him. The second officer notified him there was evidence of an attempted burglary, citing a broken window and several pry marks. In the meantime, Schlinger had ordered the two occupants of the automobile to exit for identification purposes. Upon learning of the pry marks and broken window, he placed the appellant and his co-defendant under arrest, the *"Miranda"* warning being given at that time. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The Chief of the Castle Hills Police Department drove the automobile to headquarters. There, a search of the automobile, including the locked trunk, was conducted. Items recovered were a tire tool found under the driver's seat, some glass particles on the floor, and a screwdriver in the trunk. Appellant gave a written confession.

A combined motion to suppress evidence and *Jackson v. Denno* (confession) hearing was conducted. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). It is noteworthy that the screwdriver was never admitted into evidence at that hearing. However the findings of fact and conclusions on the voluntariness of confession hearing reflect the following:

    5. The confession is admissible in evidence both as a factual matter and as a matter of law.

In answer to appellant's argument that the search which yielded the screwdriver violated the Fourth Amendment to the United States Constitution and Article I, section 9 of the Texas Constitution, the State characterizes the search as an inventory search. *See South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).[1]

We find we need not address the question of reasonableness of the search and suppression of the evidence. At the plea hearing the trial judge carefully admonished appellant. Further the judge read the attempted burglary charge of the indictment and asked appellant how he pled, to which he responded, "Guilty." In addition appellant agreed "to allow the court to base its finding on evidence offered in the hearing on the Motion to Suppress Evidence and Motion to Suppress Confession..."

No evidence *seized,* including the screwdriver retrieved from the trunk, was introduced nor was any used to support appellant's conviction. We note that only the extrajudicial confession was admitted into evidence at the pretrial hearing. No failure to comply with the requirements of TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977) is shown. If the guilty plea is supported by evidence independently of the matter contested in the pretrial motion, here the screwdriver, then any erroneous ruling on that motion does not vitiate the conviction. *Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Crim.App.1978).

The record not reflecting that any evidence obtained as a result of the alleged illegal search was introduced in evidence during the plea hearing, error is not shown and nothing is presented for review in that respect. *Prochaska v. State,* 587 S.W.2d 726, 728 (Tex.Crim.App.1979); *Stiggers v. State,* 506 S.W.2d 609, 611 (Tex.Crim.App. 1974).

The ground of error is overruled, and the judgment of conviction is affirmed.

---

1. The State did not urge lack of standing by the appellant to complain of the evidence obtained from the automobile driven by him but owned by his brother. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Nor was ownership of the screwdriver ascribed to appellant.