Edward Anthony ELLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00063–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 15, 1986.

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Mike Grandos and Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

OPINION

BUTTS, Justice.

In its first decision this court determined it was unnecessary to address the denial of appellant's motion to suppress evidence where he had entered a plea of guilty to the offense and the evidence sought to be suppressed had not been introduced in evidence against him. This is an appeal from a conviction for attempted burglary of a habitation. Relevant facts are published in *Ellis v. State*, 686 S.W.2d 329 (Tex.App.— San Antonio 1985). Because we delivered our opinion in this cause before *Morgan v. State*, 688 S.W.2d 504 (Tex.Crim.App.1985) was decided, the Court of Criminal Appeals remanded the cause for our determination of the ruling on the written motion to suppress evidence.

The *Morgan* court stated that just as the plea itself no longer waives the right to complain of pretrial rulings on appeal, so the [judicial] confession or admission [on a

plea of guilty] will not bar an appellate court from reaching the merits of the complaint. *See* TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). The court then expressly overruled *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Crim.App.1978), which held that if the guilty plea is supported by evidence independently of the matter contested in the pretrial motion, then any erroneous ruling on that motion does not vitiate the conviction.

In the present case the only evidence of which appellant complains on appeal is one item mentioned, along with others, in his motion to suppress, a screwdriver. Since that item did not come into evidence at the plea hearing and was never actually admitted into evidence in the suppression hearing, we held nothing was presented for review, relying on *Prochaska v. State*, 587 S.W.2d 726, 728 (Tex.Crim.App.1979) and *Stiggers v. State*, 506 S.W.2d 609, 611 (Tex. Crim.App.1974), and declining to rule on the propriety of the denial of the motion.

█ We now review the sole ground of error: It was error to overrule the motion to suppress the screwdriver recovered by police officers in the locked trunk of appellant's vehicle. We find the search of the trunk and seizure of the screwdriver was proper.

The arresting officer also conducted the inventory search of the impounded automobile driven by appellant. He testified that the procedure for that kind of police station search was made antecedent to a wrecker service removing the automobiles impounded by that police department. He testified this was done to secure any valuables found in the automobiles for the owners. *See South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Benavides v. State*, 600 S.W.2d 809 (Tex. Crim.App.1980); *Evers v. State*, 576 S.W.2d 46 (Tex.Crim.App.1978). An inventory search conducted in accordance with standard police procedures serves three purposes: to protect personal property in the vehicle; to protect the police against claims of lost or stolen property while in their custody; to protect police from unforeseen dangers contained in the automobile.

The searching officer was the same one who initially arrested appellant and his companion as they sped away from the scene of an attempted burglary. He candidly admitted he wanted to find fruits of the crime when he conducted the inventory search at the police station. When he found glass particles (windows had been broken at the residence) and dirt on the floor and retrieved a tire tool from under the driver's seat, he took the keys from the ignition and opened the trunk. From there he removed a screwdriver, which is the only subject of this ground of error on appeal. (The other items referred to in the written motion filed prior to trial are not mentioned herein.)

In *Chambers v. Maroney*, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) the court, in the context of the automobile exception to the Fourth Amendment, held that if police officers have probable cause to justify a warrantless seizure of an automobile on a public roadway, they may conduct an immediate search of the contents of that vehicle. Given probable cause to search, either course (obtaining a warrant to search or carrying out a warrantless search immediately) is reasonable under the Fourth Amendment. Further, that court held that if an immediate search on the street is permissible without a warrant, a search soon thereafter at the police station is permissible if the vehicle is impounded. *See Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Sanchez v. State*, 582 S.W.2d 813 (Tex.Crim.App.1979), *cert. denied*, 444 U.S. 1043, 100 S.Ct. 728, 62 L.Ed.2d 728 (1980).

A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. A warrant to search a vehicle would support a search of every part of the vehicle that might contain the

object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, *trunks*, wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand. *United States v. Ross*, 456 U.S. 798, 821–22, 102 S.Ct. 2157, 2171, 72 L.Ed.2d 572 (1982). The scope of a warrantless search based on probable cause is no narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause. *Id.* at 823, 102 S.Ct. at 2172. The scope of a warrantless search is defined by the object of the search and the places in which it may be found. *Id.* at 824, 102 S.Ct. at 2173.

The circumstances of the officer seeing appellant leaving the premises of the habitation, driving erratically, fleeing the scene, coupled with the officer's hearing the burglar alarm at the habitation, all supported the search of the automobile. Within minutes he was told there were "pry marks" and broken windows. He arrested appellant and his companion. The car was removed from the busy street. In looking for instrumentalities of the offense, attempted burglary, the officer saw the glass particles and dirt in plain view on the floor. He looked under the occupants' seats, and in doing so, he found the tire tool, a common burglary tool. We hold there was then probable cause to believe the car contained further instrumentalities of the offense. Based on probable cause the officer could infer there was further evidence concealed in the trunk. The scope of the automobile search was justified and tied to the circumstances which occasioned it.

Moreover, since the police department was justified in conducting an inventory search, the officer would have made the same discoveries in the interior of the vehicle. This would have given the officer probable cause to believe there was contraband elsewhere in the vehicle. *Michigan v. Thomas*, 458 U.S. 259, 261–62, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982). The scope of the search which was extended to the trunk was permissible under these circumstances. The screwdriver would have been admissible in evidence. We hold the trial court did not err in denying the motion.

## APPELLATE REVIEW UNDER ARTICLE 44.02

We point out that the *written* motion to suppress raises a different ground than the ground on appeal. The written motion alleges there was no probable cause to arrest appellant, and "as a result of a search incident to such arrest, certain items [including the screwdriver] were removed from Defendant. The seizure of these items was illegal because it was incident to an illegal arrest without a warrant."

The State does not argue that the written ground and the appeal ground are not the same. Its brief and oral argument address only the trunk search. It is clear that appellant abandoned his contention that the seizure of items, including the screwdriver, was the result of an *illegal arrest.* This tact is understandable in light of the abundant probable cause demonstrated to effect a valid arrest for attempted burglary. *See* facts set out in *Ellis v. State*, 686 S.W.2d 329 (Tex.App.—San Antonio 1985). Can appellant now "switch horses in midstream" to a different ground on appeal? Does the State, by acquiescing in the switch, waive any error and thereby cloak the ground on appeal with validity?

Or does the plainly worded statutory right to appeal after a plea of guilty mean exactly what it says? We believe it does. Article 44.02 provides that after a plea of guilty, the defendant may appeal "those matters which have been raised by written motion filed prior to trial." The ground on appeal addresses wrongful inventory search and lack of probable cause to search the trunk of the car and seize the screwdriver, matters not raised prior to trial by the written motion to suppress.

Under the recent statute which bestowed upon defendants a right of appeal never before in existence under the laws of the state, the right to appeal is available only when all the statutory conditions of the procedural article have been met, the court having no equitable power to extend the clear meaning of the statute. We believe the appellant is limited to the ground stated in his written motion.

The question arises whether a defendant who reserves the right to appeal the adverse ruling on his motion to suppress evidence after entering his plea of guilty is bound by those written pleadings. Is the scope of his appeal determined by the written motion? Or may he, after hearing testimony, and after reading the transcription of the testimony, argue any other search and seizure ground for suppression which might be seen? In this case evidence concerning removal of the screwdriver from the trunk of the impounded car was brought out at the motion to suppress hearing. There was no motion to amend the pleadings to conform to the evidence. The denial of the motion sets out no reasons therefor nor specific search ruling.

Read in this context, there was never any ruling by the present trial judge other than denial of the written motion. The ground of the written motion is not argued on appeal. Strictly construed, under the interpretation that the defendant is bound by his written pleadings, this court must affirm since nothing is presented on appeal relative to an *illegal arrest.* The right to appeal in this situation is statutory and subject to the limitations prescribed. Appellant has failed to argue on appeal those contentions raised in his written motion filed prior to trial.

The judgment is affirmed.

CADENA, Chief Justice, dissenting.

I would affirm the conviction solely on the ground that, since the fruits of the allegedly illegal search were not introduced in evidence, we need not concern ourselves with the legality of the search. The question of legality of a search can only be relevant when we must determine whether the evidence uncovered by the search is admissible. It is a waste of time to consider the admissibility of evidence which has not been introduced or even offered.