**John Melvin DOROUGH, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62922.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 15, 1982.

Rehearing Denied Oct. 20, 1982.

Bruce J. Ponder, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Lane C. Reedman, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCOR-MICK, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction of capital murder; V.T.C.A. Penal Code, Section 19.03(a)(2). The punishment is confinement in the Texas Department of Corrections for life.

The appellant was charged with the murder of Samuel Cocergine in the course of committing the offense of aggravated rape of Cocergine's female companion on or about the 20th day of August, 1977. Appellant contends that the evidence is insufficient to sustain a conviction of capital murder because the evidence failed to establish that: the appellant committed the offense of aggravated rape; the appellant inten-

tionally murdered the deceased; the appellant committed murder in the course of committing the offense of aggravated rape.

■ The appellant threatened the rape victim by displaying a gun. Appellant contends, however, that such threatening conduct was not sufficient to prove the element of aggravation. Although the appellant was tried before the revision of V.T.C.A. Penal Code, Section 21.03, this Court held in *Brown v. State,* 576 S.W.2d 820 (Tex.Cr.App.1979) that the imminent threat of death or serious bodily injury was sufficiently shown by evidence that the appellant was holding a gun to the victim's head during sexual intercourse. The evidence herein shows that appellant had intercourse with the victim while holding a pistol in his hand. The imminent threat of death or serious bodily injury being so shown, the evidence was sufficient to prove the element of aggravation beyond a reasonable doubt. This ground of error is overruled.

Appellant contends that the evidence failed to prove beyond a reasonable doubt that he intentionally murdered the deceased. V.T.C.A. Penal Code, Section 19.-03(a)(2) provides:

"(a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

" . . .

"(2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated rape, or arson; . . . ."

V.T.C.A. Penal Code, Section 6.03(a) provides that:

"A person acts intentionally, or with intent with respect to the nature of his conduct or to a result of his conduct when it is his conscious objection or desire to engage in the conduct or cause the result."

■ The evidence in the instant case reveals that the appellant was armed with a pistol which had been fired once, striking the deceased, that he pointed the pistol at the deceased, and that he fired a shot which caused the death of the deceased. The evidence was sufficient for the jury to find that the appellant intentionally caused the death of the deceased. *Heckert v. State,* 612 S.W.2d 549 (Tex.Cr.App.1981). This ground of error is overruled.

Appellant contends that the evidence elicited at trial failed to show that the murder of the deceased was committed in the course of the aggravated rape of the female victim. Appellant seeks to distinguish the facts of the instant case from those in *Moore v. State,* 542 S.W.2d 664 (Tex.Cr. App.1976) in which this Court refused to hold the capital murder statute applicable only when a killing takes place at the same place and at about the same time of a robbery. However, the assaultive transaction herein is no less continuous than that in *Moore,* although the facts differ. Appellant takes the position that since the aggravated rape victim and the murder victim were not the same person and since the non-assaultive behavior intervened between the rape and the murder, the relationship between the two offenses was severed, creating separate acts rather than a continuous course of conduct. We disagree.

The evidence establishes that the assaultive conduct began when the appellant first confronted the couple in their car, asked for the car keys, and shot the deceased as he attempted to comply with the request. Appellant reloaded his gun, forced the deceased into the trunk of the car, drove the car into the desert, and while still holding the gun in his hand, raped the female victim. The appellant then forced the victim to submit to further acts of sexual and deviate sexual intercourse. During this time he continued to hold the pistol. He then allowed her to dress and let the deceased out of the trunk. Appellant told them to walk off, and they complied, but the deceased soon turned around and returned to where appellant was standing near the car, and the appellant shot him in the chest, fatally wounding him.

Although approximately forty-five minutes had elapsed between the last sexual assault and the murder, significant ele-

ments of the assaultive conduct remained present: both victims were in the appellant's custody throughout the course of the episode, and the appellant threatened them with a gun the entire time. The appellant never left the scene.

■ It is clear that the assaultive conduct in the instant case is as continuous as was the conduct in *Moore,* supra; that here two offenses were committed upon two people does not alter the holding. The evidence was sufficient for the jury to have found beyond a reasonable doubt that the murder was committed in the course of aggravated rape. This ground of error is overruled.

The judgment of the trial court is affirmed.