Pedro A. VILLATORO, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–93–0320–CR.

Court of Appeals of Texas,
Amarillo.

April 28, 1995.

Law Offices of John H. Hagler, John H. Hagler, Dallas, for appellant.

Dallas County Criminal Dist. Atty., John Vance, Carolyn Fitz–Gerald Levin, Carlos Lopez, Dallas, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

QUINN, Justice.

Appellant Pedro A. Villatoro, convicted of aggravated assault and sentenced to ten (10) years imprisonment probated, asks whether sufficient evidence supports his conviction and whether his trial counsel provided him effective assistance. To both we answer yes.

## POINT OF ERROR ONE

Appellant initially contends that "a rational trier of fact, in this case the court, could not have found the essential elements of the offense beyond a reasonable doubt and could not have found against the Appellant on the self-defense issue beyond a reasonable doubt." We disagree.

In addressing the claim, we rely on the standard of review pronounced in *Saxton v. State*, 804 S.W.2d 910 (Tex.Crim.App. 1991):

look not to whether the State presented evidence which refuted Appellant's self-defense testimony, but rather ... determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of [the offense] beyond a reasonable doubt and also would have found against Appellant on the self-defense issue beyond a reasonable doubt.

*id.* at 914, *citing, Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Green v. State*, 891 S.W.2d 289, 297 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). In complying with this admonishment, we examine the entire record to determine whether more than a modicum of evidence supports the verdict, *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988), resolve all inconsistencies in the evidence in a manner favoring the verdict, *Id.*, view the evidence in a light most favoring the verdict, *King v. State*, 895 S.W.2d 701 (Tex.Crim. App.1995) (Opinion on Petition for Discretionary Review), and forego reinterpreting, reweighing, or realigning the evidence. *Moreno v. State*, 755 S.W.2d at 867. In effect, we heed the maxim that the fact finder alone possesses the exclusive right to accept or reject any or all evidence presented by either party, to resolve all credibility issues, and to weigh the testimony as it sees fit. *Skillern v. State*, 890 S.W.2d 849, 879 (Tex.App.—Austin 1994, no pet.).

The present record discloses that the Appellant was working at the Little World convenience store in Dallas, Texas. Henry Jones, the Complainant, entered the store to purchase cigarettes but lacked the requisite funds. After Appellant refused to forgive the shortage, he and Jones entered into a verbal exchange. Next, Jones lunged at Appellant because he believed that Appellant was reaching for a gun located behind the sales counter. Though no gun was drawn at the time, Appellant, nevertheless, pushed Jones out of the store. Jones then went home and told his aunt of the occurrence. She gave him money to complete his purchase and directed him to go to another neighborhood store and avoid Little World.

While returning from consummating his purchase elsewhere, someone standing near Little World beckoned him for a cigarette. Jones acquiesced, crossed the street, and approached the store. The individual also asked about the details of the prior commotion, and the two began to converse. At that point, Appellant exited the store front.

Witnesses dispute what happened next. Those presented by the State testified that Appellant drew a gun, pointed it at Jones and began cursing. As Jones retreated, Appellant followed. Soon the parties were in the street. From that locale, they were seen by Jones' wife who called the police after telling Appellant to leave her husband alone. Jones' aunt also testified about the gun and her nephew's efforts to evade Appellant. Soon, the owner of Little World interceded. Appellant eventually lowered the firearm and returned to the store.

The Appellant, however, denied drawing the weapon on Jones. Instead, he claimed that he needed to empty the trash. Though the garbage bin was located behind the store, he had to leave through the front door. Fearing for his safety, he obtained the handgun located under the counter and placed it in his rear pocket. Then he exited. After dumping the trash he began to return when he was confronted by Jones. The latter had his hands in his pocket. This posture caused Appellant to believe that Jones had a weapon. Fearing for his safety, Appellant merely lifted his shirt to show the firearm he had and asked to be left alone.

In spite of the contradictory evidence, no one saw Jones with a weapon. Indeed, Appellant merely believed that the complainant had one. Nor was a firearm found on Jones.

■ To gain a conviction for aggravated assault, the State was required to prove that Appellant intentionally or knowingly threatened Jones with imminent bodily injury and exhibited a deadly weapon during the episode. *Tex.Pen.Code Ann.* §§ 22.01(a)(2) & 22.02(a)(4) (Vernon 1989), *amended, Tex.Pen. Code Ann.* §§ 22.01(a)(2) & 22.02(a)(2) (Ver-

non 1994). Since firearms are deadly weapons, *Tex.Pen.Code Ann.* § 1.07(a)(11) (Vernon 1994), the testimony revealing that Appellant pointed such a weapon at Jones was enough to support his conviction beyond reasonable doubt. *See Dickerson v. State,* 745 S.W.2d 401, 403 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd) (holding that the pointing of a gun alone establishes the threat); *Dorough v. State,* 639 S.W.2d 479, 480 (Tex. Crim.App.1982) (holding evidence that a gun was pointed at the victim's head sufficient to prove imminent threat of death or serious bodily injury); *Brown v. State,* 576 S.W.2d 820, 822 (Tex.Crim.App.1978) (holding the same as *Dorough* ).

■ Moreover, in convicting the Appellant, the court implicitly rejected his claim of self-defense. *Saxton v. State,* 804 S.W.2d at 914. This too was supported by the evidence. The trial court, as fact finder, was free to assign greater weight to the testimony of Jones, his wife and his aunt. That testimony, if credited, established no basis for Appellant to believe Jones used or attempted to use deadly force against Appellant. *See Alvarado v. State,* 821 S.W.2d 369, 372 (Tex.App.—Corpus Christi 1991, no pet.) (viewing the fact that no weapon was actually seen as indicia supporting the rejection of a self-defense claim). It further established, if believed, that Appellant ignited the confrontation when he could have avoided it or retreated. Consequently, we overrule point of error one.

## POINT OF ERROR TWO

■ Next, Appellant contends that he received ineffective assistance from his trial counsel. The deficiency allegedly went manifest through counsel's failure to object to testimony that " 'Appellant had pulled a gun on two other people,' " that "Appellant 'had jumped' on another individual named Preacher," that Jones heard from others that "Appellant had said ... 'I'm fixing to go and kill ... [Jones],' " and that "Appellant ... 'pulls guns and threatens and stuff.' " We again disagree.

In resolving this point, we follow the teachings of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1] To succeed, Appellant must prove that counsel's performance was unreasonably deficient and that the deficiencies caused prejudice. *Id.* at 688–92, 104 S.Ct. at 2064–67, 80 L.Ed.2d at 693–95. Moreover, we view the purported error and its affect in relation to the entire representation provided, not in abstract seclusion. *Ex parte Raborn,* 658 S.W.2d 602, 605 (Tex.Crim.App. 1983). We further note that counsel's representation need not be perfect. Taking these into consideration, we conclude that Appellant's efforts fall short of their goal.

First, instead of objecting, counsel proceeded to investigate the hearsay source. In doing so, he forced Jones to virtually retract the utterances:

Q. Did you hear that?

A. And he came outside. As I said *allegedly.*

Q. So you didn't hear that.

A. Never mind about that.

Q. Who tells you that?

A. Some of the people that be around there.

Q. Some of your friends?

A. Not my friends.

Q. Associates?

A. Some of the people around there. He knows them as well as I do, probably better, because he pulls guns and threaten [sic] and stuff. *Anyway that's irrelevant.*

Q. Who has he threatened?

A. I was in Wilmer, Texas, sir, and I heard that he had pulled a gun on two other people. I heard that he had jumped Preacher. I heard....

Q. Who did you hear it from?

A. Well, my wife told me, and some people told them....

(Emphasis supplied). Counsel next forced Jones' wife to admit that she never told her husband such things.

Thus, the situation arguably placed Appellant's attorney in the dilemma of trying to unring a bell already rung or trying to discredit the witness. *See Keiser v. State,* 880 S.W.2d 222, 224–25 (Tex.App.—Austin 1994, pet. ref'd) (holding that the decision to explain rather than highlight inadmissible evidence through objection may be sound trial strategy). That he pursued the latter smacks of an effective tactical choice; furthermore, Appellant failed to prove that it was not. Consequently, it is not within our prerogative to castigate him for pursuing the course selected.

Yet, even if it were not tactical choice, counsel's performance served to place in question the veracity of the comments and integrity of their speaker. It, when coupled with his presentation of two witnesses supportive of Appellant, his active and substantive cross-examination of hostile witnesses, his tender of numerous pretrial motions, the overall status and weight of the evidence against his client, and the sentence of probation secured in spite of the evidence, failed to rise to the level of ineffective. Thus, we also overrule point of error two.

The judgment and sentence rendered below is affirmed.

---

**1.** Texas specifically adopted the *Strickland* test in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim. App.1986).