NUMBER
13-01-141-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

DAVID MEZA,                                                                
     Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

 

                        On appeal from the
103rd District Court   

                                 of Cameron County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                        Opinion by Chief
Justice Rogelio Valdez

Appellant, David Meza, appeals from a conviction for aggravated
assault. 
Tex. Pen. Code Ann. ' 22.02 (Vernon Supp. 2002).  Meza argues that the evidence supporting his
conviction is legally and factually insufficient.  We affirm.








                                         Facts
and Procedural History

Police Officer Joe Barrios responded to a domestic-dispute call
on May 27, 2000.  Barrios saw Meza exit
the front door of the house holding at waist height a knife in each hand.  When Meza walked towards his daughter and
wife, who were already outside, Barrios aimed his gun at Meza and repeatedly
yelled at Meza to drop the knives.  Meza
came within three to five feet of Barrios, stopped, and walked away from
Barrios towards his other daughter. 
Barrios followed Meza, still aiming his gun at Meza and staying back
about seven feet.  Meza suddenly stopped,
turned around, and jumped towards Barrios. 
Barrios testified that he feared for his life at that moment.

Barrios shot Meza once. 
Police Officer Alfredo Gonzalez, who arrived on the scene as Officer
Barrios=s back up, shot
Meza a few seconds later.  At no point
did Meza say anything, and neither officer was injured.  Barrios and Gonzalez testified that Meza was
about eight feet away from Barrios when he turned towards Barrios.  Evidence presented from the officers and Meza
showed that Meza held both knives down at his side the entire time before he
turned towards Barrios.

The knives were admitted into evidence.  The jury found Meza guilty of aggravated
assault with a deadly weapon against a public servant, a first-degree
felony.  The trial court sentenced Meza
to fifteen years with no probation.  On
appeal, Meza argues that the evidence is legally and factually insufficient to
support his conviction.








Legal Sufficiency

In reviewing legal sufficiency of the evidence, an appellate
court examines all of the evidence in the light most favorable to the
prosecution and determines whether any rational jury could have found beyond a
reasonable doubt, based on the evidence and reasonable inferences from it, the
essential elements of the offense.  Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  We are not to reweigh the evidence but to act
as a final, due-process safeguard ensuring only the rationality of the fact
finder.  Collier v.
State, 999 S.W.2d 779, 788 (Tex. Crim. App. 1999); Williams v. State,
937 S.W.2d 479, 483 (Tex. Crim. App. 1996).  

When faced with conflicting evidence and inferences from it, a
reviewing court must presume that the trier of fact resolved any such conflict
in favor of the prosecution, and must defer to that resolution.  Turro v. State, 867
S.W.2d 43, 47 (Tex. Crim. App. 1993). 
We may not overturn the verdict unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  Because appellant claims both legal and
factual insufficiency, we first evaluate his legal sufficiency challenge.  Wilkins v. State,
960 S.W.2d 429, 433 (Tex. App.BEastland
1998, pet. ref=d).

In his first issue, Meza argues the evidence does not show
beyond a reasonable doubt: (1) that he used or exhibited a deadly weapon, and
(2) that he intentionally or knowingly threatened Barrios with imminent bodily
injury.








In this case, to convict the appellant for aggravated assault
against a public servant, the State must prove that appellant intentionally or
knowingly threatened a public servant with imminent bodily injury and exhibited
a deadly weapon during the episode.  Tex. Pen. Code Ann. '' 22.01(a)(2), 22.02(a)(2), 22.02(b)(2) (Vernon
Supp. 2002); Villatoro v. State, 897 S.W.2d 943, 945 (Tex. App.BAmarillo 1995, pet. ref=d).

Deadly Weapon

The Texas Penal Code defines Adeadly weapon@ as Aanything
manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury; or anything that in the manner of its use or intended
use is capable of causing death or serious bodily injury.@  Tex. Pen. Code Ann. ' 1.07(a)(17) (Vernon Supp. 2002).  A weapon is per se deadly if its design,
while ignoring its manner of use, is regarded as fully adequate evidence as to
its deadliness.  Thomas
v. State, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991).  

Knives are not deadly weapons per se.  Id. 
For example, kitchen knives do not qualify as deadly weapons unless used
or intended to be used in the manner described in penal code section
1.07(a)(17)(B).  Hill
v. State, 913 S.W.2d 581, 583 (Tex. Crim. App. 1996).  Because knives are not deadly weapons per se,
the State must prove that the knife at issue is capable of causing serious
bodily injury or death in the manner of its use or intended use.  Brown v. State, 716
S.W.2d 939, 946 (Tex. Crim. App. 1986). 









In determining the deadliness of a knife, the jury may consider
all the facts of a case.  Blain v. State, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983).  For example, the jury may consider: (1) the
words spoken by the appellant, id.; (2) the appellant=s threats and
gestures, Rodriguez v. State, 857 S.W.2d 102, 107 (Tex. App.BCorpus Christi
1993, no pet.); (3) whether appellant inflicted any injuries, Denham v.
State, 574 S.W.2d 129, 130 (Tex. Crim. App. 1978); (4) the physical
proximity of the parties, Brown, 716 S.W.2d at 946, (5) the size, shape,
and sharpness of the knife, id.; (6) the manner of its use or intended
use, id.; (7) and its capacity to cause serious bodily injury or death.  Id.

No one factor is determinative. 
Bailey v. State, 46 S.W.3d 487, 491 (Tex. App.BCorpus
Christi 2001, pet. ref=d.).  The jury may determine a weapon is deadly
without expert testimony and even if the weapon is not in evidence.  Id. at 492.  If the evidence does not show that the knife
caused death or serious bodily injury, then the State must produce evidence
that shows the knife: (1) was capable of causing serious bodily injury, and (2)
was displayed or used in a manner that establishes the intent to cause death or
serious bodily injury.  Wade v. State, 951 S.W.2d 886, 892 (Tex. App.BWaco
1997, pet. ref=d); Revell v. State, 885 S.W.2d
206, 209 (Tex. App.BDallas 1994, pet. ref=d).








In this case, Officer Barrios testified that he shot Meza
because he believed Meza Awanted to kill
[him]@ when Meza Ajump[ed]
towards [him] real fast.@  Officer Barrios stated that he maintained a
distance of about 7 feet before Meza lunged at him.  Officer Gonzalez testified that Barrios Asuddenly turned@ and Alunged@ at
Barrios.  Gonzalez also testified that
bullet-proof vests do not protect against knives, that both knives Meza held
could be deadly weapons, that Meza was using them in the manner of deadly
weapons, and that he also shot Meza because he believed Meza was going to stab
Barrios.  Both knives were introduced into
evidence and had blades of 4 1/4 inches and 2 2 inches respectively.

Viewing the evidence in the light most favorable to the
prosecution, we find Meza=s contention
that the knives were not used as deadly weapons to be without merit.  We hold that a rational jury could have found
beyond a reasonable doubt that the knives were deadly weapons.  See Moreno v. State, 755 S.W.2d 866,
868 (Tex. Crim. App. 1988) (knife was deadly weapon where appellant lunged at
police officer); Hawkins v. State, 605 S.W.2d 586, 588 (Tex. Crim. App.
1980) (knife was deadly weapon where appellant lunged at victim).

Intentionally or Knowingly Threaten

Meza also argues that the evidence is legally insufficient
because the State did not prove beyond a reasonable doubt that he intentionally
or knowingly threatened Barrios with imminent bodily injury.  He specifically points out that he did not
orally threaten Barrios and that he did not brandish the knives before turning
towards Barrios.  








A person acts intentionally when it is his Aconscious
objective or desire to engage in the conduct or cause the result.@  Tex. Pen. Code Ann. ' 6.03(a) (Vernon Supp. 2002).  Intent may be inferred from the acts, words,
and conduct of the appellant.  Kimes v. State, 740 S.W.2d 903, 905 (Tex. App.BCorpus
Christi 1987, pet. ref=d).  A person acts knowingly when he is aware that
his conduct is reasonably certain to cause the relevant result.  Tex. Pen. Code Ann. ' 6.03(b) (Vernon Supp. 2002).  A threat may be communicated by words,
action, or conduct.  McGowan
v. State, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984); Green v. State,
831 S.W.2d 89, 93 (Tex. App.BCorpus
Christi 1992, no pet.).  

Meza continued to hold the knives despite Barrios=s repeated
orders to drop them, both in English and Spanish, and he forced Barrios to back
up by walking Avery fast [and]
deliberate@ towards
Barrios.  Meza could see that Barrios had
his gun out, which did not prevent Meza from surprising Barrios by turning
suddenly and jumping at Barrios.  Viewing
the evidence in the light most favorable to the prosecution, we hold that a
rational jury could have found beyond a reasonable doubt that Meza
intentionally or knowingly threatened Barrios with imminent bodily injury.  See Green, 831
S.W.2d at 93 (appellant intentionally threatened victim where appellant
displayed knife while ignoring requests to stop advancing).

Having found Meza=s two
contentions concerning legal sufficiency to be without merit, we overrule Meza=s first issue.

Factual Sufficiency








In his second issue, Meza argues the evidence is factually
insufficient to support his conviction. 
In reviewing factual sufficiency, the appellate court must examine all
evidence in a neutral light.  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  The appellate court must also give due
deference to the fact finder=s
determinations, especially those concerning the weight and credibility of the
evidence.  Johnson
v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). 

We may not reverse unless the evidence supporting guilt is
either so obviously weak, or so greatly outweighed by the overwhelming weight
of contrary evidence, that the conviction is clearly wrong and manifestly unjust.  Vasquez, 67 S.W.3d
at 236.  If we reverse, we cannot
do so merely because we feel a different result is more reasonable.  Santellan v. State,
939 S.W.2d 155, 165 (Tex. Crim. App. 1997).  The jury is the sole judge of the weight and
credibility of witness testimony.  Id.  The jury may believe or disbelieve the
testimony of any witness. Penagraph v. State, 623
S.W.2d 341, 343 (Tex. Crim. App. 1981).

Meza contends that the evidence is factually insufficient
because he did not orally threaten Barrios, because he did not brandish the
knives before turning towards Barrios, and because the record does not describe
precisely how he used or exhibited the knives. 
Meza fails to recognize, however, that the appellant need not actively
engage the victim to indicate a threat.  Billey v. State, 895 S.W.2d 417, 423 (Tex. App.BAmarillo
1994, pet. ref=d).  








The evidence presented shows that Meza continued to hold the
knives despite Barrios=s repeated
orders to drop them and that Meza held two knives in clear view of Barrios when
he approached Barrios.  Though Meza
testified he did not remember seeing Barrios=s gun, every other witness that saw
Barrios testified that they saw him pull out his gun.  Meza admitted that he heard Barrios following
him before he turned towards Barrios. 

The jury, as the sole judge of witness credibility, was able to
see and hear the officers= testimony and
weigh their credibility.  Wesbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (court=s
factual-sufficiency review Ashould not
substantially intrude upon the jury=s role as the
sole judge of the weight and credibility of witness testimony@).  The jury was able to observe the knives in evidence
and the testimony of Meza, Meza=s family, and
several police officers.  Accordingly, we
cannot say the evidence was so obviously weak, or so contrary to the
overwhelming weight of the evidence, that the verdict is wrong or unjust.  See Ford v. State, 38 S.W.3d 836, 847
(Tex. App.BHouston [14th
Dist.] 2001, pet. ref=d) (affirming
factual sufficiency of deadly-weapon finding because to reject jury=s credibility
determination is not appropriately deferential).

We affirm.

                                                                                              

ROGELIO VALDEZ

Chief Justice

 

Do not publish.

Tex. R. App. P. 47.3

 

Opinion delivered and filed

this 22nd day
of August, 2002.