NUMBER
13-00-291-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

DAVID WAYNE MILLER,                                                      Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                       Appellee.

 

 

      On appeal from the 93rd
District Court of Hidalgo County, Texas.

 

 

                                   O P I N I O N

 

                     Before Justices Dorsey,
Yañez, and Chavez[1]

                                   Opinion by
Justice Yañez

 








By five points of error,
David Wayne Miller challenges his conviction for aggravated assault after a
jury found him guilty and sentenced him to serve a term of fifteen years
confinement.  We affirm.

During the evening of
April 17, 1998, the appellant attacked Ricardo Reyna with a small knife at a
bar in Mission.  Appellant admits that
such action took place, but alleges that he was merely acting in
self-defense.  Police were able to obtain
a physical description of appellant from eyewitnesses.  The next day, appellant was discovered at a
residence and was taken into custody, without a warrant, for attempted
murder.  The trial began on February 23,
2000, and after hearing all the evidence, the jury convicted appellant of the
lesser-included offense of aggravated assault[2]
and sentenced him to fifteen years in prison.

Analysis

First, appellant claims
that his conviction should be reversed because his constitutional rights were
violated when he was arrested at a third party=s residence without an arrest or search
warrant.  We disagree.

AIn Texas, warrantless
arrests are authorized only if (1) there is probable cause with respect to the
seized individual, and (2) the arrest falls within one of the statutory
exceptions delineated in the Code of Criminal Procedure.@  McGee v. State, 23 S.W.3d 156, 162
(Tex. App.BHouston [14th Dist.]
2000, no pet.) (citing Stull v. State, 779
S.W.2d 449, 451 (Tex. Crim. App. 1989)). 
There is no dispute as to probable cause, but the State argues that the
warrantless arrest was proper under article 14.04.  This article reads:








Where it is shown by
satisfactory proof to a peace officer, upon the representation of a credible
person, that a felony has been committed, and that the offender is about to
escape, so that there is no time to procure a warrant, such peace officer may,
without warrant, pursue and arrest the accused.

 

Tex.
Code. Crim. Proc. Ann. art. 14.04 (Vernon 1977).  A number of factors can constitute
satisfactory proof that the offender is about to escape, including:  temporal proximity to the commission of the
crime;  physical
proximity to the crime scene;  and the
suspect=s knowledge of police
pursuit.  See McGee, 23 S.W.3d at
163 (citing DeJarnette v. State, 732 S.W.2d 346, 352-53 (Tex. Crim. App.
1987)).

To make use of this
exception, the "concrete factual situation spread on the record" must
justify its application.  See id. at 162 (citing Stanton v. State, 743 S.W.2d 233, 235
(Tex. Crim. App.1988)).  This provision
is strictly construed.  See id. (citing DeJarnette, 732 S.W.2d at 349).  Appellant is correct that the facts in this
case do not support the application of article 14.04.








The record reflects that
the altercation took place around eight in the evening and the police received
no leads until the next day.  At lunch
the next day, Mission police officers were tipped off by Alton police officers
as to the general location of appellant=s residence in
Alton.  An arresting officer testified
that because appellant was from out-of-town, he believed appellant was a flight
risk, so there was not time to get an arrest warrant.  Ignoring the questionable characterization of
the five-mile distance between Alton and Mission as qualifying appellant as an
out-of-town flight risk, there is nothing else in the record that indicates
appellant was about to escape.  The
temporal and physical proximity of the arrest to the crime weigh against the
State.  Moreover,  there is no evidence that appellant
knew of the investigation;  appellant was
found at the location that the Alton officers suggested;  and appellant complied with the arresting
officers.  See id. at 164.  We conclude
there is not satisfactory proof that appellant was about to escape based on the
tip from the Alton police.  See id.  Hence, the warrantless arrest was improper,
as it was not authorized under article 14.04.

However, Aan unlawful arrest
itself does not necessarily require reversal of a judgment of conviction.@  Johnson v. State, 548 S.W.2d 700, 706
(Tex. Crim. App. 1977) (citing Stiggers v. State, 506 S.W.2d 609, 611
(Tex. Crim. App. 1974)).  It is important
to note that Aan arrest is not in
itself an evidentiary element of a conviction.@  Stiggers,
506 S.W.2d at 611. 
Therefore, if the unreasonable seizure of the person produces no
evidence of culpability, then the conviction is not vitiated.  See Leach v. State, 770 S.W.2d
903, 906 (Tex. App.BCorpus Christi 1989, pet. ref=d) (citing Stiggers,
506 S.W.2d at 611).  If, on the other
hand, the unlawful arrest produces culpable evidence, the sanction imposed is
the denial of admissibility of the evidence seized.  See Stiggers, 506
S.W.2d at 611.  In this case, the
only item gained from the warrantless arrest was a photograph of appellant to
be used in a line-up.  If this photo and
subsequent line-up are considered evidence of culpability, their exclusion
would be of no consequence because two trial witnesses identified appellant,
while seated in the courtroom, as the attacker. 
Additionally, appellant admitted that he was the individual who attacked
Mr. Reyna, albeit in self-defense. 
Appellant=s first point of error
is overruled because the unlawful, warrantless arrest does not justify a
reversal of his conviction.  See
Johnson, 548 S.W.2d at 706.

Secondly, appellant
contends that the photo line-up should have been suppressed because it was the
direct product of an illegal arrest.  The
State argues that this point was not properly preserved for appellate
review.  We agree with the State.








In order for an issue to
be preserved on appeal, there must have been a timely and specific objection
raised at trial.  Tex. R. App. P. 33.1. 
The objection made at trial must also mirror the contention on appeal or
the point of error will be waived.  See
Santellan v. State, 939 S.W.2d 155, 171 (Tex. Crim. App. 1997);  Doyle v.
State, 24 S.W.3d 598, 602 (Tex. App.BCorpus Christi 2000,
pet. ref=d).

Here, appellant=s objection at trial
concerned the construction and suggestiveness of the photo line-up.  Now, appellant claims that the photo line-up
should have been suppressed because it was the product of an illegal
arrest.  Because appellant=s contention on appeal
is different from his trial objection, he has waived any alleged error on this
point.  Appellant=s second point of error
is overruled.

Thirdly, appellant
contends that the trial court committed reversible error in disallowing
appellant from cross-examining a State=s witness with regard to
his deferred adjudication status.  The
State argues, again, that this point has been waived because appellant=s contention on appeal
differs from his trial objection.  We
agree with the State.








At trial, the appellant=s objection focused only
on the witness=s deferred adjudication
status and character.  Now, appellant
claims that he wanted to show that the witness had bias or motive for
cooperating with the prosecution.  A
defendant may cross-examine a State=s witness on the status
of his deferred adjudication in order to show motive, bias or an interest to
testify for the State.  See Maxwell v.
State, 48 S.W.3d 196, 200 (Tex. Crim. App.
2001).  However, appellant has not
properly preserved this issue for appellate review.  His trial objections concern the witness=s credibility, but his
claims on appeal concern bias and motive. 
These two issues, credibility versus bias/motive, serve different
purposes on cross-examination.  The
purpose of bias/motive cross-examination is not to discredit the witness.  See id. at
199.  AInstead, the purpose
[is] to show that the witness [is] biased due to his vulnerability with the
prosecution.@  Id. (citing Alford v. U.S., 282
U.S. 687, 693 (1931)).  The defendant=s contention on appeal
does not mirror his trial objection, thus it is waived.  Tex.
R. App. P. 33.1.  Appellant=s third point of error
is overruled.

In his fourth point of
error, appellant contends that the trial court erred in granting the State=s request to add the
lesser-included offense of aggravated assault to the court=s charge.  The State argues that the evidence presented
at trial was sufficient to support the trial court=s decision to charge the
jury on the lesser-included offense.  We
agree with the State.

Texas courts employ a
two-pronged analysis to determine when a lesser-included instruction is
warranted.  See
Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997) (citing Rousseau
v. State, 855 S.W.2d 666, 672-673 (Tex. Crim. App. 1993)).  First, the lesser-included offense must be
included within the proof necessary to establish the offense charged.  See Rousseau, 855
S.W.2d at 672-673.  Second, there
must be some evidence in the record that if the defendant is guilty, he is
guilty of only the lesser-included offense. 
See id.  There is no
dispute that the State has met its burden as to the first prong, but appellant
challenges the second prong of the analysis.








Appellant=s counsel claims that
the record establishes that appellant=s actions clearly showed
that he would do everything in his power to defend himself, including causing
the death of the Mr. Reyna.  Furthermore,
appellant=s counsel claims that
the calculating manner and deliberateness of appellant=s actions could not in
any way be construed as anything less than an intent to kill Mr. Reyna for
appellant=s own protection and
preservation in light of the circumstances. 
The State argues that appellant=s own testimony, that he
did not intend to kill anyone and that he merely slashed out at Mr. Reyna with
a small knife, ruins this claim.  We
conclude that the record as a whole supports the trial court=s decision to charge the
jury on the lesser-included offense of aggravated assault.  Appellant=s fourth point of error is overruled.

Finally, appellant
contends that the State failed to meet its burden of disproving the
self-defense issue beyond a reasonable doubt. 
The State argues that, based on the evidence presented, a rational jury
could have found beyond a reasonable doubt the essential elements of the crime
charged and rejected appellant=s self-defense
claim.  We agree with the State.








AThe State has the burden
of persuasion in disproving the evidence of self-defense.@  Alvarado v. State, 821 S.W.2d 369, 372
(Tex. App.BCorpus Christi 1991, no
pet.).  This burden simply requires the
State to prove its case beyond a reasonable doubt.  See id. (citing
Saxton v. State, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991)).  In resolving the sufficiency of the evidence
issue, appellate courts look not to whether the State presented evidence that
refuted an appellant=s self-defense
testimony, but rather the courts determine, after viewing all the evidence in
the light most favorable to the prosecution, whether any rational trier of fact
would have found the essential elements of the crime charged beyond a
reasonable doubt and also would have found against appellant on the
self-defense issue beyond a reasonable doubt. 
See Saxton, 804 S.W.2d at 914 (citing Tex. Pen. Code. Ann. ' 2.03(d) (Vernon 1994)).  On the stand, appellant admitted that Mr.
Reyna did not threaten him with a gun or knife. 
Furthermore, none of the eyewitnesses testified that appellant was
acting in self-defense.  After reviewing
the record, we hold that a rational jury could have found beyond a reasonable
doubt against appellant on the self-defense issue.  See id. (citing
Saxton, 804 S.W.2d at 914). 
Appellant=s fifth point of error
is overruled.

We have considered all
of appellant=s arguments, and they
are all overruled.  The trial court=s judgment is affirmed.

 

                                                                                                                      

LINDA REYNA
YAÑEZ

Justice

 

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

30th day of
August, 2002.

 











[1]Retired
Justice Melchor Chavez, assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.Gov=t Code Ann. ' 75.002 (Vernon 1998).





[2]Tex. Pen. Code Ann. ' 22.02 (Vernon 1994).