**Marcus Ladd STIGGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47927.**

Court of Criminal Appeals of Texas.

March 13, 1974.

---

Michael Greenberg, Irving, for appellant.

Henry Wade, Dist. Atty., and William L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

REYNOLDS, Commissioner.

The challenged conviction is for the offense of murder with malice. Punishment, set by the jury at appellant's election, is life imprisonment.

Appellant's conviction resulted from the accusation that he was one of two armed men who killed Al Wilson, a liquor store clerk, during an attempted robbery of the Airport Liquor Store in Dallas. The sufficiency of the evidence to support the conviction is not questioned.

Relying on constitutional and case law prohibitions against unreasonable searches and seizures, appellant initially contends that his conviction should be reversed because his warrantless arrest was illegal. There is no contention that any evidence supportive of the conviction arose from, or grew out of, the arrest. Conceding that appellant's arrest was unlawful, the State submits that, in the absence of any authority to the contrary, the illegal arrest, from which neither fruits nor instrumentalities of the offense were discovered, does not justify a reversal of the conviction. We agree.

■ The sanction imposed against an unlawful search and seizure is the denial of admissibility of evidence seized in the unlawful search. Unlike an unreasonable search producing evidence offered to support a conviction, an arrest is not in itself an evidentiary element of a conviction. An unreasonable seizure of the person that does not produce evidence of culpability does not per se vitiate a conviction. This is particularly true where, as here, there is no claim that any circumstance of the alleged illegal arrest led to appellant's conviction, the evidence supporting which is unchallenged. The first ground is overruled.

■ Secondly, relying on the same authorities, appellant complains of the trial court's failure to suppress the evidence obtained in a warrantless search of his residence. Overlooked by appellant in drafting this complaint and his ensuing argument is that he does not contend, and the record does not reflect, that any evidence obtained as a result of this search was introduced in evidence. Under these circumstances, no error is shown or presented for review. See Mortier v. State, 498 S.W.2d 944 (Tex.Cr.App.1973), and cases cited therein. The second ground is overruled.

Thirdly, appellant contends that his arrest in, and the warrantless search of, his residence with the purported consent of a person who was not authorized, and who did not have the right, to consent to the search is reversible error. The disposition made of appellant's first two grounds determines this ground adverse to appellant's contention. The third ground is overruled.

Fourthly, appellant asserts, in reliance on Paprskar v. State, 484 S.W.2d 731 (Tex. Cr.App.1972), that the trial court erred in failing to suppress the evidence obtained in the search of the house of Dolores Jean Jacobs because her consent therefor was not voluntarily given. *Paprskar* is not controlling of the facts here. There, the evidence resulting from the search was declared inadmissible because the premises were the residence of Paprskar, who was present and under arrest at the time the consent relied on for the search was coerced from his wife, who also was under arrest.

■ Here, the premises were not under the control of appellant and he was not present when the search was made. Mrs. Jacobs was not, as appellant states, related to appellant. Even if the consent Mrs. Jacobs said she gave freely because she had no objection was in fact a coerced consent under all the circumstances, appellant is in no position to complain of the search or the evidence seized. Appellant has no standing to question the legality of the search of premises not under his control when he was not present at the time of the search. Schepps v. State, 432 S.W.2d 926 (Tex.Cr.App.1968). The fourth ground is overruled.

Appellant's fifth complaint is that the trial court erred in failing to grant a mistrial on its own motion when the prosecutor accused defense counsel of giving signals to the witness in the following colloquy:

"MR. BANKS (a prosecutor): Could we have Mr. Phillips (the defense attorney) instructed not to be giving any signals to the witness on the stand at this time? I believe he's trying—

"THE COURT: Without assuming that you are, don't.

"Q. (By Mr. Hill, a prosecutor): Now, did you know where the Airport Liquor Store was?

"A. (the witness): No, I did not.

"Q. Never had seen it before?

"A. No, I'm not familiar with Dallas, period, but just the street I stay on and quite a few places I've been.

"MR. PHILLIPS: Let me interject first of all—let me make the statement to the Court and to the jury that—

"MR. HILL: I object to Mr. Phillips making some kind of speech here.

"THE COURT: If you have an objection, state it.

"MR. PHILLIPS: The only thing I object to is the action of the District Attorney indicating that I would coach the witness or make any kind of signals to a witness as to how they testify.

"THE COURT: Neither side indicate in any way what any witness should answer. I am not accusing you one way or the other, Mr. Phillips."

The complaint made is that the allegation of the prosecutor surely prejudiced and inflamed the minds of the jurors to the extent that it could not be cured, as the Court held in Bray v. State, 478 S.W.2d 89 (Tex.Cr.App.1972), by an instruction by the court.

The reliance on *Bray* is misplaced and the complaint here is not well made. The conduct condemned in *Bray* was a highly improper jury argument about the representation of the accused by his court appointed attorney that so flagrantly violated the canons of legal ethics and so demeaned the highest traditions of the legal profession in its role to defend indigent prisoners that it could not be cured by an instruction.

■ Here, the circumstance giving rise to the prosecutor's remark is not recorded. Defense counsel apparently was satisfied with the court's response; counsel did not press for any further response to his objection, he did not request any instruction be given to the jury, and he made no request for a mistrial.

An instruction could have rectified the situation appellant now complains about and, absent a request for the curative instruction regarding the conduct, a reversal is not warranted. Cherry v. State, 488 S.W.2d 744 (Tex.Cr.App.1972). Moreover, since appellant did not further pursue the matter, he has not preserved for review, and he is in no position to complain of, any reversible error, Burks v. State, 432 S.W.2d 925 (Tex.Cr.App.1968), particularly since he did not move for a mistrial. Crawford v. State, 412 S.W.2d 57 (Tex. Cr.App.1967).

■ Furthermore, since jeopardy had attached, had the court declared a mistrial sua sponte without a request therefor or a concurrence therein by appellant, further prosecution would have been barred by a plea of former jeopardy, even if the prosecution was not at fault in the mistrial declaration. Taylor v. State, 474 S.W.2d 207 (Tex.Cr.App.1971). The fifth ground is overruled.

■ At the guilt-innocence stage of the trial, the State presented the testimony of Mrs. Doris Borchardt as bearing on the appellant's identity, which was not objected to. Her testimony revealed that she was the victim of an act of sodomy committed by appellant during the course of the robbery of a liquor store where she worked. During the State's argument on punishment, the prosecutor stated:

"Now, let's consider Mr. Wilson's rights and his family's rights. Now, besides being victimized, Mr. Wilson being victimized and being laid to rest, *you also heard evidence of Mrs. Borchardt. She was a victim. But, unfortunately poor Mrs. Borchardt has to live with the memory of this too.*" (Emphasis added).

Objection was made to the italized portion of the argument and, without more, the court instructed the jury to follow the court's charge. No other relief was requested by appellant. Nothing is presented for review.

In his sixth and last ground, appellant assigns error to the failure of the court to declare a mistrial because of the argument. The theory, sans authority, is that the argument was inflammatory and prejudicial. The position is not persuasive.

Generally, improprieties in argument that do not violate some mandatory statutory provision or are not obviously harmful are cured by a proper instruction to disregard the statement. The argument made here is not suggestive of the improbability of correction by a proper instruction. In the absence of a request for an instruction to disregard or for some additional relief, nothing is presented for review. Burks v. State, supra. The last ground is overruled.

There being presented no reversible error, the judgment is affirmed.

Opinion approved by the Court.