Joe Felipe **CEVALLES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48970.

Court of Criminal Appeals of Texas.

Sept. 24, 1974.

Bruce Robertson, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, Lawrence R. Linnartz, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for sale of heroin, wherein the punishment was assessed at ten (10) years.

The record reflects that on June 6, 1973, the appellant waived trial by jury and entered a plea of guilty before the court. Before the court accepted the plea, the appellant was admonished in accordance with Article 26.13, Vernon's Ann.C.C.P., and the trial court advised the appellant of the

procedure that would be used, expressly advised him of his right of confrontation and cross-examination, right against self-incrimination, and obtained an express waiver by the appellant of those rights. Thereafter, the appellant executed a written waiver and consent to stipulation of evidence on forms like those described in De Gay v. State, 455 S.W.2d 205 (Tex.Cr. App.1970). In such instrument, signed and sworn to by appellant, he expressly waived his privilege against self-incrimination and right of confrontation and cross-examination and agreed that the testimony could be stipulated. In such sworn instrument appellant admitted that the allegations of the indictment were true and correct and added, "I Joe Felipe Cevalles do admit confess and stipulate I sold Albert Chevera Heroin, on the 10 day of July 1972 as alledged (sic) in The indictment in Bexar County Texas." Such instrument, with various State's exhibits, was introduced into evidence without objection.

■ It is, of course, well established that a "judicial confession" is alone sufficient to sustain a conviction upon a guilty plea under the provisions of Article 1.15, Vernon's Ann.C.C.P. Sexton v. State, 476 S.W.2d 320 (Tex.Cr.App.1972); Knight v. State, 481 S.W.2d 143 (Tex.Cr.App.1972); Spruell v. State, 491 S.W.2d 115 (Tex.Cr. App.1973); Rose v. State, 465 S.W.2d 147 (Tex.Cr.App.1971).

■ Appellant does not challenge the sufficiency of the evidence, but contends despite the guilty plea and acknowledged authorities to the contrary the trial court erred in overruling his "Motion for Omnibus Relief," which included a "Motion for Continuance," and in overruling his "Motion to Dismiss the Indictment," and in accepting the guilty plea, and in finding him guilty since the State had intentionally procured the absence of a material witness, Jimmy Levine.

Appellant bases his contentions on the fact that at a hearing on his motion on November 17, 1972, months before he entered the guilty plea, it was established that Jimmy Levine was present and working with the undercover agent, Albert Chevara, at the time of the alleged sale of heroin on July 10, 1972, had been advised in August or September, 1972, by Lieutenant Slocum of the San Antonio Police Narcotics Bureau to leave town and had been given $75.00 "in eating money," and that neither the police nor the District Attorney's office knew the present whereabouts of the said Levine.

There is nothing in this record to show that when the guilty plea was entered, almost seven months later, Levine's whereabouts were still unknown or that the appellant still desired him as a witness. Clearly appellant voluntarily entered his guilty plea without any indication to the trial court he still needed Levine as a witness. If it can be argued that the trial court erred in overruling the described motions, the entry of the guilty plea waived any error. See Utsman v. State, 485 S.W.2d 573 (Tex.Cr. App.1972).

■ Lastly, appellant complains that the trial court did not warn and admonish him of his constitutional right to compulsory process to obtain witnesses. Appellant was represented by counsel and as this court said in Rose v. State, 465 S.W.2d 147 (Tex.Cr.App.1971):

"... We know of no rule requiring the court to instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty. It is not the court's function to act as legal counsel for the appellant."

In the instant case the trial court carefully admonished the appellant in accordance with Article 26.13, Vernon's Ann.C. C.P., and went beyond such requirements to ascertain if appellant knew of certain constitutional rights which he waived. While the court did not expressly inquire as to the "compulsory process" right, we clearly perceive no error.

The judgment is affirmed.