**Clifton F. FERGUSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 58985.

Court of Criminal Appeals of Texas, Panel 1.

Oct. 11, 1978.

Jim Claunch, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, George B. Mackey and Tom Bellows, Asst. Dist. Attys., Fort Worth, for the State.

Before ODOM, VOLLERS and W. C. DA-VIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for gambling promotion. V.T.C.A., Penal Code sec. 47.03. Punishment was assessed at three years and appellant was placed on probation.

■ Appellant entered a plea of guilty on February 16, 1978, after Art. 44.02, V.A. C.C.P., was amended. This appeal is therefore governed by that article. Cf. *Ex parte* *Abahosh,* 561 S.W.2d 202 (Tex.Cr.App.). That article provides:

> "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter."

The record affirmatively reflects that the punishment was assessed at the amount recommended by the prosecutor and agreed to by appellant personally and by his attorney. Cf. *Decker v. State,* 570 S.W.2d 948 (No. 58587, 3QP2, 9/20/78). The record also reflects, however, that the trial court gave permission to appellant to bring this appeal. We therefore have jurisdiction of the case.

In several grounds of error appellant challenges the trial court's ruling on his motion to suppress evidence seized pursuant to a search warrant. We conclude, however, that nothing is presented for review.

■ After the trial court overruled his motion to suppress, appellant waived his right to trial by jury and entered a plea of guilty. After his plea was accepted by the trial court, appellant took the witness stand and judicially confessed that he committed the offense as alleged against him in the indictment. No evidence seized pursuant to the challenged search warrant was introduced, and no such evidence was used to support appellant's conviction. Where no evidence obtained as a result of a search is introduced in evidence, no error with respect to such search is presented for review. *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.

App.). Furthermore, a judicial confession is alone sufficient to sustain a conviction on a guilty plea under Art. 1.15, V.A.C.C.P. *Cevalles v. State,* 513 S.W.2d 865 (Tex.Cr. App.).

■ It appears from the proceedings in the trial court that appellant contemplated review in this court pursuant to that portion of Art. 44.02, supra, that speaks of an appeal "on those matters which have been raised by written motion filed prior to trial." In *Helms v. State,* 484 S.W.2d 925 (Tex.Cr.App.), the Court wrote:

> "Appellant contends that the court was in error in admitting evidence obtained as the result of an illegal search and seizure. Where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived. *Soto v. State,* Tex.Cr.App., 456 S.W.2d 389; *Fierro v. State,* Tex.Cr.App., 437 S.W.2d 833." See also, *Cantu v. State,* 546 S.W.2d 621 (Tex.Cr.App.).

The legislature appears to have abrogated this rule regarding the effect of a guilty plea in cases of plea bargains before' the court, as is its prerogative. Such a procedure may be expected to conserve judicial resources by encouraging guilty pleas in cases where the only contested issue between the parties is some matter such as the lawfulness of a search, voluntariness of a confession, competency to stand trial, sufficiency of the indictment, or other matter that may be raised by written motion filed prior to trial. To this extent the amendment of Article 44.02 supersedes the prior case law as stated in *Helms,* supra.

■ This new practice, however, does not change the rule in *Stiggers v. State,* supra, relied on here. If the guilty plea is supported by evidence (see Art. 1.15, supra) independently of the matter contested in the pre-trial motion, then any erroneous ruling on that motion does not vitiate the conviction. Such is the case here. The ground of error is overruled.

The judgment is affirmed.