**Michael Eugene PROCHASKA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 61926, 61927.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 10, 1979.

Stanley G. Schneider, Houston, for appellant.

---

Carol S. Vance, Dist. Atty., Larry P. Urquhart and J. Michael Wilkinson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

More than five years ago *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.App.1974) described the problem and held as follows:

". . . [A]ppellant complains of the trial court's failure to suppress the evidence obtained in a warrantless search of his residence. Overlooked by appellant in drafting this complaint and his ensuing argument is that he does not contend, and *the record does not reflect, that any evidence obtained as a result of this search was introduced in evidence.* Under these circumstances, *no error is shown or presented for review.*" [1]

Contemporaneously this Court was holding as in *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Cr.App.1972):

"Appellant contends that the court was in error in admitting evidence obtained as the result of an illegal search and seizure. Where a *plea of guilty* is *voluntarily* and *understandingly* made, *all nonjurisdictional* defects including claimed deprivation of federal due process *are waived.* (Citing cases.)"

See also *Cantu v. State,* 546 S.W.2d 621 (Tex.Cr.App.1977).

Effective August 29, 1977 the proviso added [2] to Article 44.02, V.A.C.C.P. "abro-gated this *[Helms]* rule regarding the effect of a guilty plea in cases of *plea bargains* before the court . . .," *Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Cr.App. 1978), but the new practice does not change the rule in *Stiggers,* supra. Thus, "If the guilty plea is supported by evidence . . independently of the matter contested in the pre-trial motion, then any erroneous ruling on that motion does not vitiate the conviction," *Ferguson,* supra, at 910; see also *Roberts v. State,* 587 S.W.2d 724 (Tex.Cr.App., No. 61,798, delivered October 10, 1979); *Mitchell v. State,* 586 S.W.2d 491 (Tex.Cr.App., No. 59,860, delivered September 19, 1979); cf. *Isam and Medley v. State,* 582 S.W.2d 441 (Tex.Cr.App.1979).

The instant offenses are alleged to have occurred in December 1977,[3] after the amendment to Article 44.02, supra, became effective. Appellant filed and presented a motion to suppress evidence of certain objects of personal property obtained by alleged illegal search and seizure of his residence [4] and a motion to suppress a written confession made by him concerning theft of the automobile (and an unrelated burglary) and an oral statement made by him while in custody in which he physically pointed out one or more apartments he had burgled. Toward the conclusion of a hearing on both motions in both cases, appellant announced through his counsel that, after hearing the testimony adduced, "we would admit the validity of the written confession," and the trial court, finding the oral confession was voluntarily made, overruled the motion to suppress confessions and, finding the property (except a pistol in another part of the place) was in full view as the officers talked

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. Acts 1977, 65th Leg., p. 940, ch. 351, § 1.

3. In our cause number 61,926, the indictment alleges theft of an automobile on or about December 26, 1977; in number 61,927, the offense is burglary of a habitation on or about December 28, 1977—with a different victim in each case. All proceedings in both cases were consolidated for purpose of pretrial and plea hearings.

4. We do not dwell on the facts surrounding the offenses, for sufficiency of the evidence is not challenged. As to the other matters, suffice it to say that acting on information peace officers came to appellant's residence, asked to be and were freely admitted into it where and when they observed in open view several items of personal property they suspected, and later confirmed, were fruits of burglaries committed by appellant.

to appellant, overruled the motion to suppress evidence.

The day following those pretrial hearings and rulings, after being carefully and fully admonished by the trial court, appellant entered his plea of guilty to both offenses.[5] The State offered in support of the plea, see Article 1.15, V.A.C.C.P., a stipulation of evidence in each case in which, *inter alia,* appellant confessed to each and every element of each offense.[6] On the evidence presented and admitted, the trial court found appellant guilty as charged in the indictments. Moving into assessment of punishment, its invitation to appellant to submit anything in the way of evidence as to punishment was declined by appellant's counsel with the remark that "it's already before the Court about the nature of the offenses. The testimony was given yesterday." Ascertaining prior convictions and other background information, the trial court then assessed punishment and, appellant waiving ten days for motions and given allocution, imposed sentences, crediting him with time from December 29, 1977. Appellant immediately gave notice of appeal.

There was no plea bargain. On the strength of *Ferguson* and *Isam and Medley, supra,* the State urges that the judgments of conviction be affirmed. But in *Ferguson*

there was a negotiated plea and *Isam and Medley,* guilty pleas in a misdemeanor case, premised that the pleas were negotiated. What, then, is the rule in a case such as this where there is not a plea bargain?

Before the effective date of the Article 44.02 proviso the principle we have denominated the *Helms* rule was settled. It was first recognized in *Hoskins v. State,* 425 S.W.2d 825, 829–830 (Tex.Cr.App.1968) as originating in *Bee v. Beto,* 384 F.2d 925 (5 Cir. 1967) in which the court, citing earlier Fifth Circuit authority, held that by entering a guilty plea a Texas state defendant admitted all facts charged in the indictment [7] and waived all nonjurisdictional defects. The principle was reiterated in *Fierro v. State,* 437 S.W.2d 833, 834 (Tex.Cr.App.1969) and applied to a plea of nolo contendere; [8] followed in *Soto v. State,* 456 S.W.2d 389 (Tex.Cr.App.1970) and, of course, *Helms, supra.* Whether the plea was the product of negotiations, a bargain, is not alluded to in these decisions, probably because in those days participants in the criminal justice system pretended such a thing never occurred and rarely acknowledged the existence of one. Now, however, the process is not only admitted but encouraged by just such procedures legislatively established in the Article 44.02 proviso.[9]

---

5. In a colloquy between the trial court and appellant the latter expressly agreed that the evidence offered during the pretrial hearing and his confession might be considered by the trial court in adjudging his guilt.

6. In our number 61,926, the confession read:
"On December 26, 1977, in Harris County, Texas, I did appropriate property, namely, one automobile, owned by Bobby Minter, of the value of two hundred dollars and under ten thousand dollars, with the intent to deprive its owner of the property and without the effective consent of the owner."
In our number 61,927, the confession reads:
"On December 28, 1977, in Harris County, Texas, I did with intent to commit theft, enter a habitation not then open to the public, owned by Doris Elder, hereafter styled the Complainant, without the effective consent of the Complainant."

7. It has long been true in Texas that a plea of guilty to a felony offense entered before the trial court alone constitutes an admission of guilt, but since 1931 does not authorize a con-

viction; see, e. g., *Burks v. State,* 165 S.W.2d 460, 463 (Tex.Cr.App.1942). The really significant consequence of the *Helms* rule is the *waiver* of all nonjurisdictional defects by entering a plea of guilty or of nolo contendere.

8. Even efforts to avoid the "waiver consequences" by entering a plea of nolo contendere with an express understanding that the right of appeal to test an alleged constitutional violation was preserved, where thwarted, as in *Killebrew v. State,* 464 S.W.2d 838 (Tex.Cr.App. 1971).

9. As the Court perceived in *Ferguson, supra:* "Such a procedure may be expected to conserve judicial resources by encouraging guilty pleas in cases where the only contested issue between the parties in some matter such as the lawfulness of a search, voluntariness of a confession, competency to stand trial, sufficiency of the indictment, or other matters that may be raised by written motion filed prior to trial."

Yet, whatever the reasoning, the Legislature conditioned a departure from the *Helms* rule in two restrictive respects: one, that there be a negotiated recommendation as to punishment and, two, that the punishment actually assessed by the trial court not exceed the recommendation. In these circumstances permission of the trial court to appeal is not required "on those matters which have been raised by written motion prior to trial."[10] Given this limited abrogation of the *Helms* rule by the Legislature, we must reluctantly conclude that the rule remains viable in a case where a plea bargain has *not* been reached.

Accordingly, we hold that, having voluntarily and understandably entered a plea of guilty to the two indictments charging him with felony offenses of auto theft and burglary of a habitation, respectively, appellant waived his claimed deprivation of constitutional guarantees against unreasonable search and seizure and against admission of asserted defective confessions. *Helms, Cantu, Hoskins* and their progeny.

Further, we hold that, the record not reflecting that any evidence obtained as a result of the alleged illegal search was introduced in evidence during the plea hearing, error is not shown and nothing is presented for review in that respect. *Stiggers,* supra.

Finally, while the trial court obtained his agreement to do so and no doubt considered his extrajudicial confessions, still the admitted written sworn judicial confessions made and confirmed by appellant in open court fully sustain the convictions upon his guilty pleas under the provisions of Article 1.15, V.A.C.C.P. *Cevalles v. State,* 513 S.W.2d 865, 866 (Tex.Cr.App.1974) and cases cited therein. Each such judicial confession, being sufficient independent evidence of the guilt of appellant, is not tainted by any erroneous ruling on his pretrial motions and, therefore, the ruling may not vitiate the judgments of conviction. *Ferguson* and *Isam and Medley,* supra.

All grounds of error are overruled and the judgment of conviction is affirmed.

---

10. When the Article 44.02 proviso is applicable, as was explained in *Isam and Medley,* supra: "Thus, if a defendant elects not to make a judicial confession, and if the seized evidence to which a pretrial motion to suppress was directed is used by the State to meet that statutory burden (of Article 1.15, V.A.C.C.P.), then the issue raised by the motion may be pursued despite the subsequent guilty plea."