Terry Wayne MINIFEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–82–001–CR.

Court of Appeals of Texas, Tyler.

Sept. 16, 1982.

Dan Moore, Jr., Athens, for appellant.

Melvin Whitaker, Dist. Atty., Athens, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction for aggravated robbery. After a pretrial hearing the court overruled the appellant's motion to suppress evidence of an identification made of him by two witnesses from a photographic line-up. Thereafter, a jury was selected but prior to the reading of the indictment, a plea bargain agreement was struck between the appellant and the State. Under the plea bargain the appellant agreed to enter a plea of guilty to the charge of aggravated robbery, and the State agreed to recommend a sentence of ten years confinement in the Texas Department of Corrections. The court was informed of the plea bargain, and the appellant's plea of guilty was heard the next day. Prior to trial before the court, appellant executed an instrument waiving his right to a trial by jury, entered a plea of guilty to the offense of aggravated robbery, and agreed to a written stipulation of the evidence wherein he judicially confessed to the offense of aggravated robbery. The District Attorney testified by stipulation what the testimony of the complaining witness would be if this witness was present and testified under oath.

The written stipulation contained the statement that "... I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

On the 23rd day of January, 1980, in Henderson County, Texas, I did then and there knowingly and intentionally, while in the course of committing theft of property, to-wit: United States currency hereinafter called "the property," and with intent to obtain and maintain control of the property, without the effective consent of Robert Glen DeFoore, the owner, did then and there place Robert Glen DeFoore in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, to-wit: a shotgun."

The record reflects that the trial judge went into great detail in admonishing the appellant as to the consequences of his plea and in determining that the plea of guilty was voluntarily made.

Appellant now contends that the trial court erred in overruling appellant's motion to suppress the identification evidence based upon the photographic line-up because it was impermissibly suggestive, creating a likelihood of misidentification in court.

■ The trial court entered an order granting appellant permission to appeal "on the ground that his motion to suppress identification was erroneously overruled." This order was unnecessary since Article 44.02 V.A.C.C.P. provides for an appeal on those matters which have been raised by written motion filed prior to trial. *Mitchell v. State,* 586 S.W.2d 491 (Tex.Cr.App.1979).

It is not necessary for us to decide whether the trial court erred in overruling appellant's motion to suppress the identification evidence based on the photographic line-up. The Court of Criminal Appeals has repeatedly held that if a guilty plea is supported by evidence independent of the matter contested in a pre-trial motion, any erroneous ruling on that motion does not vitiate the conviction. *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978); *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.App.1978).

■ In the instant case, the appellant plead guilty to the offense as charged in the indictment and judicially confessed in open court. A judicial confession alone is sufficient to sustain a conviction on a guilty plea under Art. 1.15, V.A.C.C.P. *Ferguson, supra; Cevalles v. State,* 513 S.W.2d 865 (Tex.Cr.App.1974); *Dinnery v. State,* 592 S.W.2d 343 (Tex.Cr.App.1980).

Furthermore, we find no merit in appellant's complaint that he was induced to plead guilty against his will. Choosing to plead guilty to a plea bargain recommendation is a tactical decision. There is no evidence in the record that the choice was coerced.

The judgment of the trial court is affirmed.