Vinson v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-125-CR

     MILLARD BRYAN VINSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellees
 

From the 296th District Court
Collin County, Texas
Trial Court # 296-80552-93
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Vinson appeals from a judgment of the trial court revoking his probation and
sentencing him to two years in the Collin County jail and a $1,000 fine.
      The State filed a motion to revoke Appellant's probation, alleging that on September 17,
1993, he was convicted of a misdemeanor DWI and sentenced to two years in the county jail and
a $1,000 fine, both probated for a period of two years, and that he had violated the terms of his
probation by driving while intoxicated on February 19, 1994. The alleged offense was
unadjudicated.
      Appellant filed a motion to suppress all testimonial evidence obtained as a result of his arrest
on February 19, 1994, by a police officer who did not have a warrant to arrest him. On
November 28, 1994, the trial court heard, and denied, Appellant's motion to suppress. The trial
court, on November 29, heard the motion to revoke probation, with the agreement between the
State and Appellant that the court could consider all evidence heard on the motion to suppress on
the probation revocation. Appellant pled "untrue" to the allegations in the motion to revoke
probation. The court, then considering the evidence heard on the motion to suppress, revoked
Appellant's probation and sentenced him to two years in the county jail and a $1,000 fine.
      Appellant appeals on two points of error.
      In his first point Appellant asserts the trial court erred in revoking his probation when the
State failed to prove he was the same person who had been convicted and placed on probation.
      Michael Young and Officer Schaffer were the only witnesses who testified at either hearing. 
Neither testified that Appellant was the person who had been placed on probation on September
17, 1993.


 Appellant moved for a directed verdict and filed a motion for a new trial based on the
State's failure to identify him as the person originally placed on probation and on the court's
failure to grant his motion to suppress evidence, all of which the trial court denied.
      The State has the burden of showing, by a preponderance of the evidence, that the defendant
committed a violation of the conditions of probation and that the defendant is the same person who
was placed on probation. Cobb v. State, 851 S.W.2d 871 (Tex. Crim. App. 1993); McCowan v.
State, 739 S.W.2d 856 (Tex. App.—Beaumont 1987, pet ref'd).
      No evidence was presented that Appellant was the person who had been placed on probation. 
No documents were admitted into evidence. The witnesses of the alleged unadjudicated offense
only identified Appellant as the person who was involved in the alleged unadjudicated offense on
February 19, 1994. Point one is sustained.
      In his second point Appellant asserts the trial court, over timely and proper objection, erred
in denying his motion to suppress evidence and erroneously relied on evidence which should have
been excluded. Revocation of Appellant's probation was based on an unadjudicated commission
of a new offense, i.e., DWI on February 19, 1994.
      Appellant and Michael Young, a city employee, were involved in an automobile accident
about 4:00 p.m. on February 19, 1994, in the City of Plano. Young was not injured and his
vehicle was not damaged. Young telephoned the police because his vehicle belonged to the city
and city rules required the police be called in the event a city car was involved in an accident. 
Appellant drove away before the police arrived. Officer Schaffer arrived at the scene in about 18
minutes after the accident and prepared an accident report. He attempted to locate Appellant's
vehicle and spotted it about a block away at an apartment. Schaffer contacted Appellant at the
door of his apartment and Appellant came outside to provide information to the officer.
      Officer Schaffer testified that he was investigating a hit-and-run accident but that he smelled
a strong odor of an alcoholic beverage on Appellant's breath and, because Appellant stumbled
several times, that he determined Appellant was intoxicated and read him his Miranda rights. He
got the necessary accident report information from Appellant and then administered a field-sobriety test and a breath test. Schaffer testified that Appellant did "poorly" on the sobriety test
and appeared "intoxicated." He placed him under arrest for DWI and took him to the city jail. 
Officer Schaffer did not have a warrant for Appellant's arrest and he did not see Appellant behind
the wheel of a vehicle. Schaffer testified that the sole reason he arrested Appellant without a
warrant was to "preserve evidence," and not because he feared escape.
      Article 38.73, Texas Code of Criminal Procedure, provides that no evidence obtained by an
officer in violation of any provisions of law shall be admitted in evidence against the accused in
any criminal case.
      The sanction imposed for an unlawful arrest is the exclusion of evidence seized or obtained
as a result thereof. Stiggers v. State, 506 S.W.2d 609 (Tex. Crim. App. 1964). If an arrest is
unlawful, testimony concerning the defendant's intoxication at the time of the arrest and the result
of a breathalyzer test conducted during post arrest detention is inadmissible. Honeycutt v. State,
499 S.W.2d 662 (Tex. Crim. App. 1973 ).
      As a general rule, police officers must always obtain an arrest warrant prior to taking someone
into custody. Exceptions to the warrant requirement are strictly construed. Once it is established
that no warrant was obtained, the burden shifts to the state to show that the arrest was within an
exception to the warrant requirement. Holland v. State, 788 S.W.2d 112, 113 (Tex. Crim. App.
1990, pet ref'd).
      Exceptions to the necessity for an arrest warrant are set out in articles 14.01, 14.02, 14.03
and 14.04 of the Texas Code of Criminal Procedure. Under article 14.01 an officer may arrest
a person without a warrant for an offense committed in his presence or within his view. Under
article 14.02 an officer may arrest a person without a warrant where a breach of the peach has
been committed in the presence of a magistrate and the magistrate orders the arrest of the offender. 
Under article 14.03 an officer may arrest without a warrant persons found in suspicious places and
under circumstances which reasonably show such person has been guilty of a felony, breach of
peace, or an offense under section 49.02 of the Penal Code. Section 49.02 provides that an officer
may arrest a person for misdemeanor public intoxication and persons who the officer has probable
cause to believe have or will cause bodily injury to some person. Under article 14.04 an officer
may arrest a person without a warrant upon the representation of a credible person that a felony
has been committed and the offender is about to escape and there is not time to secure a warrant.
      Appellant was in his apartment and in his yard. it did not appear that Appellant was
attempting to escape. He was arrested because the officer wanted to preserve evidence. The
officer did not arrest Appellant for public intoxication, and Appellant was not in a public place. 
He was at a private residence.
      We think the State failed to meet the burden of proof that the warrantless arrest was statutorily
authorized. Thus, the evidence obtained should have been suppressed. The trial court erred in
failing to grant Appellant's motion to suppress, and it erred in considering evidence which should
have been suppressed. Point two is sustained.
      The judgment revoking Appellant's probation is reversed and the cause is remanded for a new
trial.
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Reversed and remanded
Opinion delivered and filed February 7, 1996
Do not publish