IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-0960-10






THE STATE OF TEXAS



v.


RANDALL CHUPIK, Appellee





On State's Petition for Discretionary Review 


from the Third Court of Appeals,


Travis County






 Womack, J., delivered the opinion of the Court, in which Keller, P.J., and
Johnson, Keasler, Cochran, and Alcala, JJ., joined. Johnson, J., filed a concurring
opinion. Hervey, J., concurred without opinion. Price, J., filed a dissenting
opinion, in which Meyers, J., joined.


 

 We granted review to determine whether, in a State's appeal from a pretrial order
granting a motion to suppress evidence, the record must reflect the evidence that was suppressed.
We hold that there is not such a requirement.

 The appellee, Randall Chupik, was charged by information with driving while
intoxicated. The trial court granted his pretrial motion to suppress evidence. The State appealed
the trial court's order under Article 44.01(a)(5) of the Code of Criminal Procedure, and the Third
Court of Appeals affirmed the order. (1) We shall reverse. 

I. The Proceedings Below

 In the early morning hours of December 11, 2008, an officer of the Austin Police
Department stopped the appellee's vehicle after seeing it weaving on a public street. After asking
the appellee some questions, the officer gave him three field-sobriety tests, the first of which was
a Horizontal Gaze Nystagmus ("HGN") test. After the three tests, the officer arrested the
appellee.

 At the hearing on his motion to suppress, the appellee argued that the stop and the initial
questions violated his federal constitutional rights. The trial court ruled that the stop and the
initial questions were permissible, but made written findings of fact and conclusions of law that
the appellee was "under arrest at the conclusion of the administration of the HGN test," and was
thereafter "subjected to custodial interrogation without having had his Miranda warnings recited
to him." (2) The trial court therefore suppressed "the answers to all questions asked of [the
appellee] after the administration of the [HGN test]  exclusive of his response to the question
as to whether he would give a breath or blood sample." The trial court also concluded that "the
evidence suppressed in this case is not of substantial importance relative to the quantity and
quality of other evidence the State has available to present to prove this charge." 

 The State appealed the trial court's order under Article 44.01(a)(5) of the Code of
Criminal Procedure and included within its notice of appeal a certification by the Travis County
Attorney that the appeal was not taken for purposes of delay and the suppressed evidence was of
substantial importance in the case. The Court of Appeals held that the trial court's conclusion
regarding "substantial importance" did not affect the State's right of appeal. (3) However, the Court 
of Appeals found that the record did not support the trial court's finding that the officer
continued to question the appellee after the HGN test. The Court therefore held that the State's
appeal presented nothing for review because "there is nothing in the record to show that the
court's ruling will result in the exclusion of any evidence at trial." (4) 

II. Discussion

 Under Article 44.01(a)(5) of the Code of Criminal Procedure, the State is entitled to
appeal an order of a court in a criminal case if the order "grants a motion to suppress evidence, a
confession, or an admission, if jeopardy has not attached in the case and if the prosecuting
attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the
evidence, confession, or admission is of substantial importance in the case." Nothing in the plain
language of Article 44.01(a)(5) requires the State to detail the items of evidence that were
suppressed by the court. 

 Legislative history and persuasive federal authority weigh against reading into the statute
a requirement of an evidentiary showing. We have noted that Article 44.01 was intended to be
construed liberally in favor of State's appeals and was enacted with the intent to provide Texas
prosecutors with the same broad powers afforded the federal government under Title 18, Section
3731, of the United States Code. (5) The pertinent provision of Section 3731 states:

 An appeal by the United States shall lie to a court of appeals from a decision or
order of a district court suppressing or excluding evidence or requiring the return
of seized property in a criminal proceeding, not made after the defendant has been
put in jeopardy and before the verdict or finding on an indictment or information,
if the United States attorney certifies to the district court that the appeal is not
taken for purpose of delay and that the evidence is a substantial proof of a fact
material in the proceeding.


 Federal courts of appeals now agree that, once the government certifies that the evidence
is a substantial proof of a material fact, a reviewing court may not review "the substantiality or
the materiality" (6) of the evidence: "The statute is clear - the United States Attorney's certification
that the appeal is not taken for purposes of delay and that the evidence excluded by the district
court's order is a substantial proof of a fact material in the proceeding is the final word on
materiality for the purposes of determining whether we have jurisdiction to hear the appeal." (7)

 Similarly, we held in Johnson v. State (8) that a defendant may not challenge the
prosecutor's certification. We explained that the statute did not require any showing of the
underlying basis for the certification:

 The plain language of the literal text of Art. 44.01(a)(5) provides for the State to
appeal a suppression order if jeopardy has not attached and the prosecuting
attorney makes the above-noted requisite certification to the trial court. It clearly
sets forth the requirements for proceeding with such an appeal. In the instant
cause, there is no claim that the State has not met those requirements. Appellee
simply seeks to challenge the verity of the State's certification. Art. 44.01 does not
include a provision for making such a challenge. The plain language of Art.
44.01(a)(5) simply requires the certification rather than any showing of the
underlying basis for such. (9)

 Despite its quotation of Johnson's holding, the Court of Appeals required a showing of
the suppressed evidence. To support its requirement, the court looked to Gonzales v. State, (10)
which was cited for the proposition that "when a defendant seeks to challenge an order
overruling a motion to suppress evidence, the appellate court must be able to identify 'the fruits'
that the trial court held would not be suppressed." (11) 

 But the Court of Appeals cited only one step of the two-step inquiry formulated by
Gonzales. The two-step inquiry stems from a long line of cases dealing very specifically with a
defendant's right to appeal after pleading guilty or nolo contendere. Until the Legislature
amended Article 44.02 of the Code of Criminal Procedure in 1977, the general rule was that
defendants who pled guilty or nolo contendere could not appeal pretrial rulings. (12) The 1977
amendments allowed such appeals, encouraging guilty pleas where the only contested issues
were matters that could be raised before trial. (13) 

 The problem leading to the two-step inquiry in Gonzales was that Article 1.15 of the
Code of Criminal Procedure required the State to introduce some evidence into the record to
support a defendant's guilty plea in a felony case. Shortly after the amendment to Article 44.02,
we held in Ferguson that when a defendant judicially confessed as part of his guilty plea in a
felony case and the evidence contested in the pretrial hearing was not introduced by the State to
meet its burden under Article 1.15, nothing was presented for review. (14) We then overruled
Ferguson in Morgan v. State, (15) holding that the defendant's judicial confession was a fruit of the
contested search or seizure, and such a confession should not bar an appellate court from
reaching the merits despite the fact that the contested evidence was not introduced. (16) 

 Parallel to Ferguson and Morgan, a line of cases including Isam v. State, (17) McGlynn v.
State, (18) and Kraft v. State (19) developed in the misdemeanor context. (20) These cases culminated in
the holding in Kraft that an appellate court may review a pretrial ruling on the admissibility of
evidence where the appellate court knows the content of the evidence and the evidence "is of
such a nature that it may be said it has 'somehow been used.'" (21) Then in McKenna v. State we
applied Kraft's holding to felony cases as well, citing Kraft's emphasis that "if the evidence
appellant maintains should have been suppressed is instrumental in obtaining a conviction then
the appellate court should review the merits of the motion on appeal." (22) 

 Gonzales dealt with the specific question of whether the contested evidence had to be
actually admitted into evidence at a pretrial hearing in order for an appellate court to address the
merits of the appeal. (23) Based on Kraft and McKenna, Gonzales held that the evidence need not be
actually admitted, and formulated a two-step inquiry for appellate courts to use when deciding
whether to address the merits of a claim regarding the trial court's denial of a pretrial motion to
suppress evidence prior to a guilty plea: 

 First, the appellate court must identify "the fruits" that the trial court held would
not be suppressed. Second, the appellate court must determine that these fruits
have "somehow been used" by the State. If it is not clear from the testimony and
exhibits what "the fruits" are, then the appellate court need not address the merits
of the claim. Likewise, if the fruits have not "somehow been used" by the State,
then the appellate court need not address the merits of the claim. (24)

 Here, the Court of Appeals concluded that Gonzales "is an application of the broader
principle that courts do not decide abstract questions of law or issue advisory opinions." (25) But
when we trace the line of cases leading to Gonzales, we see the fundamental concern was not to
require that the excluded evidence be identified, but rather to ensure that a conviction secured
after a guilty plea was not overturned when the evidence was of little importance in obtaining the
conviction. (26) The identification of the fruits that were ruled admissible has never been a separate
and independent requirement for appellate jurisdiction, but rather a necessary procedural step to
enable the substantive analysis that was performed in the second step. In other words, an
appellate court could not analyze whether the evidence was material unless it was clear from the
record what evidence it should analyze. To now insist that appellate courts perform the first step
of the Gonzales test independently in the Article 44.01(a)(5) context is particularly troubling
where our cases and persuasive federal authority agree that the substantive second step of the
Gonzales test, analysis of materiality, is inappropriate under the statute.

III. Holding 
 

 We therefore hold that the record need not reflect the suppressed evidence in order for an
appellate court to consider a State's interlocutory appeal under Article 44.01(a)(5). It is sufficient
that the prosecuting attorney certifies that the suppressed evidence is of substantial importance in
the case. We reverse the judgment of the Third Court of Appeals and remand to that court for
consideration of the merits of the State's appeal.


Delivered June 15, 2011.

Publish.
1. State v. Chupik, No. 03-09-00356-CR, 2010 WL 1930110, 2010 Tex. App. LEXIS 3618 (Tex. App. -
Austin, May 13, 2010) (mem. op.).
2. Italics in original.
3. Chupik, 2010 WL 1930110, at *3.
4. The Court of Appeals also held that if it assumed that the trial court discovered post-HGN questioning
after viewing a video outside the record, the Court of Appeals would then have "no basis for reviewing the trial
court's conclusion that this questioning constituted custodial interrogation," and again nothing would be presented
for review. Id., at *4. Because we hold that the record need not reflect the evidence suppressed, we have no need to
assume the viewing of such a video. Furthermore, the record does not show that the trial court viewed such a video
or that its ruling was somehow affected by it.
5. See, e.g., State v. Medrano, 67 S.W.3d 892, 896 (Tex. Cr. App. 2002); State v. Moreno, 807 S.W.2d 327,
332 (Tex. Cr. App. 1991).
6. In re Grand Jury Investigation, 599 F.2d 1224, 1226 (7th Cir. 1979). 
7. United States v. Jefferson, 623 F.3d 227, 232 (5th Cir. 2010); see also United States v. W.R. Grace, 526
F.3d 499, 506 (9th Cir. 2008) (overruling prior cases requiring "that the government's bare certification be backed
up by a preliminary showing that the excluded evidence truly is material"); United States v. Comiskey, 460 F.2d
1293, 1297-98 (7th Cir. 1972) (holding certification need not allege "specific evidentiary facts which constitute
substantial proof of the charge alleged against defendant."); United States v. Johnson, 228 F.3d 920, 924 (8th Cir.
2000) (stating "mere certification is required to demonstrate materiality").
8. 871 S.W.2d 744 (Tex. Cr. App. 1994).
9. Id., at 749; see also Chupik, 2010 WL 1930110, at *3 (quoting Johnson).
10. 966 S.W.2d 521 (Tex. Cr. App. 1998).
11. Chupik, 2010 WL 1930110, at *3.
12. See, e.g., Helms v. State, 484 S.W.2d 925, 927 (Tex. Cr. App. 1972) ("Where a plea of guilty is
voluntarily and understandingly made, all nonjurisdictional defects including claimed deprivation of federal due
process are waived.").
13. See Ferguson v. State, 571 S.W.2d 908, 910 (Tex. Cr. App. 1978), overruled on other grounds by
Morgan v. State, 688 S.W.2d 504, 507 (Tex. Cr. App. 1986).
14. 571 S.W.2d, at 910. Ferguson based its holding on a general rule applied in Stiggers v. State, 506
S.W.2d 609 (Tex. Cr. App. 1974), that "[w]here no evidence obtained as a result of a search is introduced in
evidence, no error with respect to such search is presented for review." Id., at 909-10. 
15. 688 S.W.2d 504 (Tex. Cr. App. 1985).
16. Id., at 507 n.2.
17. 582 S.W.2d 44 (Tex. Cr. App. 1979).
18. 704 S.W.2d 18 (Tex. Cr. App. 1986) (op. on reh'g).
19. 762 S.W.2d 612 (Tex. Cr. App. 1988).
20. The misdemeanor cases developed separately from the felony cases because evidence was not required to
be introduced to support a misdemeanor plea under Article 1.15.
21. Id., at 613-14.
22. 780 S.W.2d 797, 799 (Tex. Cr. App. 1989).
23. 966 S.W.2d, at 521-22.
24. Id., at 524.
25. Chupik, 2010 WL 1930110, at *3.
26. See McGlynn, 704 S.W.2d, at 21 ("[U]nless and until we are confident about what fruits of a search have
somehow been used, the Court need not decide whether the search was constitutionally permissible."); Kraft, 762
S.W.2d, at 615 ("[S]o long as it may be concluded that particular evidence the accused maintains should have been
suppressed ... would in any measure inculpate the accused, that evidence has been 'used' against him in securing his
misdemeanor conviction, and hence, the appellate court should entertain the merits of his appeal."); McKenna, 780
S.W.2d, at 799 ("The emphasis in Kraft is that if the evidence appellant maintains should have been suppressed is
instrumental in obtaining a conviction then the appellate court should review the merits of the motion on appeal.").