

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1441-12

**TIMOTHY BLAND, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## HARRIS COUNTY

PRICE, J., filed a dissenting opinion in which MEYERS, WOMACK, and JOHNSON, JJ., joined.

### DISSENTING OPINION

From time to time the Court has candidly confessed that our jurisprudence governing

a defendant's right to appeal following a negotiated guilty plea is not a "model of clarity."[1]

But one thing that has remained crystal clear throughout the tortured history of our case law

---

[1] *E.g.*, *Lyon v. State*, 872 S.W.2d 732, 734 (Tex. Crim. App. 1994).

regarding the right to appeal from a negotiated guilty plea[2]—clear, that is, until today—is that, even after a defendant has pled guilty pursuant to a plea bargain, and the trial court has accepted his plea and followed the agreed recommendation for punishment, a defendant "may appeal . . . those matters that were raised by written motion and ruled on before trial[.]"[3] Not even a judicial confession made during the course of guilty-plea proceedings will serve to nullify the right of a defendant to appeal an adverse ruling from a pretrial motion following such a negotiated plea.[4]  Nevertheless, in this case, first the Houston Court of Appeals and now this Court have essentially deprived the appellant of his right to appeal one of the pretrial matters for which he obtained an adverse ruling prior to trial.  Both courts have essentially predicated their rulings on the purported significance of a single word: "dispositive."[5]  I do not understand how this word has come to acquire such talismanic significance.

---

[2] *See Griffin v. State*, 145 S.W.3d 645 (Tex. Crim. App. 2004); *Johnson v. State*, 84 S.W.3d 658, 664-69 (Tex. Crim. App. 2002) (Cochran, J., dissenting).

[3] TEX. R. APP. P. 25.2(a)(2)(A).

[4] *Morgan v. State*, 688 S.W.2d 504, 507-08 (Tex. Crim. App. 1985).  *See also Kraft v. State*, 762 S.W.2d 612, 613 (Tex. Crim. App. 1988) ("[A] judicial confession given in support of a plea of guilty or *nolo contendere* in a felony prosecution will not, standing alone, obviate substantive treatment of the merits of a pretrial motion to suppress[.]"); *Isam v. State*, 582 S.W.2d 441, 443-44 (Tex. Crim. App. 1979) (guilty plea in misdemeanor prosecution does not preclude defendant from challenging adverse ruling on pretrial motion to suppress).

[5] *Bland v. State*, No. 14-11-00451-CR, 2012 WL 3292970, at *4 (Tex. App.—Houston [14th Dist.] Aug. 14, 2012) (mem. op., not designated for publication); Majority Opinion *passim*.

## In the Trial Court

Prior to trial, the appellant filed a motion to disclose the identity of the State's confidential informant ("CI"). In his motion, the appellant asserted that he needed to know the CI's identity for two distinct purposes. First, he asserted that disclosure was necessary for purposes of his motion to suppress, "to show that the officers who conducted the arrest and search did not have probable cause based upon a reliable and credible informant." Second, he maintained that disclosure was necessary "because the informant is a material witness to [his] guilt or innocence and upon the possible defense of entrapment." The trial court orally denied this motion in full at the very beginning of the plea proceedings, and its ruling is memorialized by written order, dated the same day, also denying the motion in full. The record thus establishes that the appellant had a right to appeal this adverse ruling under Rule 25.2(a)(2)(A) of the Texas Rules of Appellate Procedure.[6]

It is certainly true that, toward the end of the hearing on the motion to suppress, which occurred the day before the plea proceedings, the prosecutor asserted that the parties had agreed to regard the trial court's ruling on the suppression motion as "dispositive." By "dispositive," the prosecutor explained that she meant "that the judge is going to litigate an issue; and if he rules in our favor, the defendant pleads; and if he rules not in the state's favor, that we dismiss the case." The appellant's trial counsel acknowledged that this was her understanding as well. At this point, the following colloquy took place:

---

[6] TEX. R. APP. P. 25.2(a)(2)(A).

[PROSECUTOR]: So then what it seems that they want is the confidential informant revealed would be a matter of guilt or innocence in a trial; but since what we are here to determine was one specific issue on a dispositive motion, for argument's sake, judge, let's say that you decided to disclose the confidential informant, it wouldn't matter to what the agreement and what we were doing here today which was a dispositive motion which you have ruled on in our favor which means that he has to plea. If they wanted to have the confidential informant disclosed and then have that attacked, they should have had a trial.

THE COURT: That is what it was told to me was it was a dispositive motion.

[PROSECUTOR]: Sure, and I just wanted to be clear for the record's sake that all of this confidential informant stuff *is kind of a moot point* at this point because we have done the dispositive Motion to Suppress and the defense was going to plea from my understanding from when this started this morning until now.

The confidential informant stuff, anything that they would use for that would be to attack at trial; but we are well past that and that decision was made before we started this thing this morning.[7]

But the appellant's trial counsel never expressed agreement, either at this point or any other, with the prosecutor's assumption that a ruling against her client on the "dispositive" motion to suppress would render "moot" her claim that disclosure of the CI's identity was necessary to a fair determination of guilt or innocence. Instead, at the conclusion of the above colloquy, she simply reiterated her need to discover the name of the CI *both* for purposes of challenging probable cause *and* for purposes of litigating her client's guilt or innocence—just as she had asserted in her pretrial motion for disclosure, which the trial court expressly

---

[7] Emphasis added.

overruled the next day, immediately prior to the guilty-plea proceedings.

## In the Court of Appeals

Nothing about the "dispositive" nature of the ruling on the motion to suppress caused the court of appeals to doubt that the appellant had the right to appeal *either* the motion to suppress *or* that aspect of the motion for disclosure of the CI's identity that pertained to the pretrial issue of probable cause; it reached both of these issues on appeal and rejected each on the merits.[8] Thus, I presume the court of appeals believed, under Rule 25.2(a)(2)(A), both that it had acquired jurisdiction to review these two issues and that the appellant had the right to pursue them. But, taking a cue from the trial prosecutor, the court of appeals failed to reach the merits of the appellant's claim with respect to disclosure of the CI's identity for guilt or innocence purposes.[9] The court of appeals held that the appellant had "effectively abandoned" this claim for appellate purposes by virtue of his agreement that the motion to suppress was "dispositive."[10] The court of appeals apparently agreed with the State that, by agreeing to plead guilty if the trial court ruled adversely to him on his motion to suppress, the appellant rendered any need for disclosure of the CI's identity beside the point.

This is more than a bit like saying that a pretrial motion to suppress evidence is *itself*

---

[8] *Bland*, 2012 WL 3292970, at *2-3, *5.

[9] *Id*. at *4.

[10] *Id*.

rendered moot if the defendant enters a judicial confession as part of a negotiated guilty plea. After all, the judicial confession constitutes evidence of guilt that is independent of the evidence the admissibility of which was the subject of the motion to suppress. And indeed, at one time this Court held, in *Ferguson v. State*,[11] that we need not reach the merits of a claim on appeal under these circumstances. Later, however, in *Morgan v. State*,[12] we sensibly overruled the holding in *Ferguson*, judging it to be antithetical to the manifest legislative purpose behind Rule 25.2(a)(2)'s statutory predecessor, Article 44.02.[13] That purpose was to encourage guilty pleas, at least in plea-bargained cases, and not force defendants to insist upon full-blown jury or bench trials simply to ensure "meaningful" appellate review of adverse rulings on pretrial matters.[14] The court of appeals's holding in this case—that the appellant's agreement to plead guilty in the event of an adverse ruling on his motion to suppress rendered "moot" the appellate justiciability of his pretrial motion to disclose—likewise thwarts that manifest legislative purpose.[15]

---

[11] 571 S.W.2d 908, 910 (Tex. Crim. App. 1978).

[12] 688 S.W.2d 504 (Tex. Crim. App. 1985).

[13] TEX. CODE CRIM. PROC. art. 44.02. Although an earlier manifestation of the proviso that currently appears in Rule 25.2(a)(2) remains in the text of Article 44.02 to this day, the *statutory* proviso was actually repealed by this Court, on legislative authority. *Lemmons v. State*, 818 S.W.2d 58, 62 (Tex. Crim. App. 1991).

[14] *Morgan*, 688 S.W.2d at 507-08.

[15] The Court dismisses the appellant's argument that, should we uphold the court of appeals's

**In This Court**

Perhaps that explains why, in affirming the judgment of the court of appeals today, this Court largely eschews the court of appeals's rubric of "mootness."[16] But what the Court says instead, in defense of the court of appeals's bottom line, is no more defensible. Today the Court proclaims that the prosecutor's unilateral understanding of the significance of a so-called "dispositive" motion to suppress was actually incorporated somehow into the negotiated plea bargain. The Court seems to believe that the parties *mutually* agreed that, if the appellant lost his motion to suppress, he would forego any appellate consideration of his claim—but apparently *only* this one claim—that the trial court erred to deny disclosure of the CI's identity for purposes of guilt or innocence. And the appellant, the Court declares, is

---

judgment, his negotiated plea of guilty in this case will be rendered involuntary. "This argument does not fairly fall," the Court asserts, "within the ground and arguments contained in his petition for discretionary review[.]" Majority Opinion at 8 n.12. I would not dismiss the appellant's argument so lightly. Again, this case is reminiscent of *Morgan*, in which we were called upon to reconcile our holding in *Ferguson* with other holdings in which we had declared that negotiated guilty pleas premised on the appellant's mistaken belief that he could appeal an adverse pretrial ruling despite having entered a judicial confession—so-called "conditional" pleas—were involuntary. *See Morgan*, 688 S.W.2d at 506 (citing *Mooney (Dean) v. State*, 615 S.W.2d 776 (Tex. Crim. App. 1981); *Wooten v. State*, 612 S.W.2d 561 (Tex. Crim. App. 1981)). In this case, the appellant obviously believed he could appeal his CI-disclosure claim with respect to guilt or innocence. The court of appeals's holding that his claim is "moot" threatens to impugn the voluntariness of the appellant's plea in much the same way that our holding in *Ferguson* undermined the voluntariness of numerous negotiated guilty pleas.

[16] On the first page of its opinion, the Court concludes "that the dispositive nature of the motion to suppress was a term of appellant's plea agreement . . . that . . . rendered moot the second basis for appellant's motion to disclose." Majority Opinion at 1. But the only mention of mootness that appears anywhere else in the Court's opinion comes in the context of describing the court of appeals's holding. *Id*. at 6.

now "bound by that bargain."[17]

But I see nothing in the plea papers to suggest such an agreement, either explicitly or by necessary implication. Nor do any of the representations made by the parties during the hearing on the motion to suppress, as documented by the Court in its opinion today, convince me that any such agreement was ever in place. In short, nothing in the record indicates that, simply by agreeing to plead guilty in the event that the trial court should rule adversely to him on his motion to suppress, the appellant intended (at least partly) to forego his right to appeal by waiving an issue that he had preserved by way of a written motion filed prior to trial and ruled upon by the trial court, as provided by Rule 25.2(a)(2)(A).

I wonder whether the State would now acknowledge, based upon its understanding of the "dispositive" nature of the motion to suppress, that it had *also* disclaimed its right to appeal any ruling against it on the motion to suppress before dismissing the charges against the appellant, as it assured the trial court it had obligated itself to do?[18] *Perhaps* the terms of the purported plea agreement between the appellant and the State in this case went both ways, *i.e.*, that *both* parties affirmatively and explicitly agreed to give up any right to appeal in the event of an adverse ruling. But, again, there is nothing in the plea papers or the representations of the parties during the motion to suppress hearing to document such a bilateral agreement—only the prosecutor's unilateral assertion that, should the *appellant* lose,

[17] Majority Opinion at 10.

[18] TEX. CODE CRIM. PROC. art. 44.01(a)(5).

only *the appellant's* discrete claim regarding his need to know the CI's identity as it pertained to guilt or innocence would become "moot." Nowhere on the record did the appellant concede that this also reflected *his* understanding of the terms of their negotiated plea agreement. And, in any event, the State does not argue that the appellant agreed, as part of the negotiated plea agreement, to waive his right to appeal *altogether*—obviously not, since the appellant did, in fact, appeal. Under these circumstances, I seriously doubt that the prosecutor thought that the "dispositive" nature of the motion to suppress constituted a necessary "abandonment" (as the court of appeals characterized it) of the *State's* ability to appeal, under Article 44.01(a)(5), in the event that the trial court should resolve the motion to suppress in the appellant's favor.[19] So why is this Court so eager to declare that this unilateral prosecutorial declaration of a limitation on the appellant's right to appeal was an integral part of the negotiated plea bargain in this case?

The Court regards the prosecutor's remarks toward the end of the motion to suppress hearing as "evidence of what occurred," especially since the appellant did not contradict those remarks and even "expressed agreement with what was said."[20] It is certainly true that the appellant's trial counsel endorsed the prosecutor's statement that both parties understood that the motion to suppress would be "dispositive." But she never endorsed the prosecutor's

---

[19] TEX. CODE CRIM. PROC. art. 44.01(a)(5).

[20] Majority Opinion at 8 (citing *Thieleman v. State*, 187 S.W.3d 455, 457-58 (Tex Crim. App. 2005)).

*unilateral* understanding of what that meant with respect to her client's right to appeal from the trial court's ruling on her motion to disclose the CI's identity. Instead she persisted in her assertions that such disclosure was critical for purposes *both* of probable cause *and* of guilt or innocence.[21] In any event, the prosecutor never expressly claimed on the record that the appellant had, *as part of the plea bargain agreement*, forsaken his Rule 25.2(a)(2)(A) right to appeal the issue of disclosing the CI's identity for guilt or innocence purposes;[22] therefore, the appellant was never called upon to deny on the record that this was true. I see no evidence anywhere in the record of any such plea agreement.

---

[21]

After the prosecutor pointed out the "dispositive" nature of the trial court's ruling on the motion to suppress, the appellant's trial counsel insisted that she needed to know the identity of the CI, citing a case pertaining specifically to disclosure for purposes of guilt/innocence and arguing that the CI had planted the drugs to "set up" her client. *Bodin v. State*, 807 S.W.2d 313 (Tex. Crim. App. 1991). She maintained that the CI's identity "doesn't *just* go to the guilt or innocence," (emphasis added), but she never relented from her position that it was *also* important to that issue. Following the prosecutor's claim that the need for disclosure for guilt or innocence purposes was rendered "moot" by the "dispositive" motion to suppress, the appellant's trial counsel reiterated that disclosure was important for *both* purposes:

> Mr. Bland's dispositive Motion to Suppress [or] not the confidential informant's reliability is important *even* on a Motion to Suppress, *even* on a Motion to Suppress. That does not resolve the fact that he thinks she set him up is important *even* on a Motion to Suppress. *Guilt or innocence or not*, if she set him up, it goes to her reliability.

(Emphasis added).

[22]

The prosecutor simply claimed it had been rendered "moot" by the "dispositive" nature of the motion to suppress. The appellant neither adopted nor contested this claim, but continued to insist that disclosure of the CI's identity was necessary for *both* probable cause *and* guilt/innocence.

**Conclusion**

I would reverse the judgment of the court of appeals and remand the cause to that court to address the merits of the appellant's second point of error with respect to the appellant's motion to disclose the CI's identity for purposes of guilt or innocence. Because the Court today does not, I respectfully dissent.

FILED:       November 6, 2013
PUBLISH